## WALSH v. FIRST NAT. BANK OF MAYSVILLE, KY.

(Circuit Court of Appeals, Sixth Circuit. January 7, 1913.)

No. 2,251.

1. BANKS AND BANKING (§ 134*)—SET-OFF—BANK DEPOSIT.

In the absence of fraud or collusion, a bank has the right to apply a balance of a regular deposit standing to the credit of a bankrupt on the date of the bankruptcy to the payment of notes due it from the bankrupt.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 353–374; Dec. Dig. § 134.*]

2. BANKRUPTCY (§ 303*)—PREFERENCE—SUFFICIENCY OF EVIDENCE.

A finding by a bankruptcy court that the evidence did not show a bankrupt to have been insolvent at the time of its payment of a debt to a bank, nor establish fraud or collusion in such payment, affirmed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458–462; Dec. Dig. § 303.*]

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit in equity by H. L. Walsh, trustee in bankruptcy of the Tiger Shoe Manufacturing Company, bankrupt, against the First National Bank of Maysville, Ky. Decree for defendant, and complainant appeals. Affirmed.

Allan D. Cole, of Maysville, Ky., for appellant.

Garrett S. Wall, of Maysville, Ky., for appellee.

Before WARRINGTON and KNAPPEN, Circuit Judges, and McCALL, District Judge.

McCALL, District Judge. H. L. Walsh, trustee in bankruptcy of the Tiger Shoe Manufacturing Company, filed the petition in this case against the First National Bank of Maysville, Ky., to recover $2,089.-35. It is alleged that the bankrupt, while insolvent, and within four months prior to the adjudication in bankruptcy, with the intent to give the bank a preference over other creditors of the same class, transferred to the bank property of the value of $2,089.35; that the bank, at the time of accepting said transfer, knew, or had reasonable grounds to believe, that the Shoe Company was insolvent; and that the transfer was made to the bank with the intent to prefer it over other creditors of the same class.

Certain statements are made in relation to the conduct of the bankrupt and the bank (the defendant) upon which is based the further allegation that they acted in collusion in the matter of the transfer, for the fraudulent purpose of giving defendant a preference.

The material allegations in the petition relating to the insolvency of the bankrupt on the date of the alleged unlawful transfer of property to the defendant, the knowledge of the defendant of such insolvency, the intent of the parties to give the bank a preference over other creditors, and the allegations relating to collusion between the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bankrupt and the defendant to give the bank a preference, are all denied in the answer to the petition.

The case was heard upon the pleadings and proof. The court below dismissed the petition, and the petitioner has appealed and assigned errors.

The undisputed facts are that the Tiger Shoe Manufacturing Company, the bankrupt, was indebted to the First National Bank of Maysville, Ky., in the sum of $2,000, with interest, evidenced by two promissory notes, in equal amounts, of date January 4, 1901, and June 9, 1901. The notes had matured. On or about September 24, 1901, the wife of the secretary and treasurer of the bankrupt loaned the bankrupt $3,000 upon a mortgage given by it for $5,000. The amount so loaned was deposited to the bankrupt's credit with the defendant bank, and the amount paid to the bank in satisfaction of the two notes for $1,000 each, with interest, was paid by a check drawn by the secretary and treasurer of the bankrupt on the amount so deposited.

The only question presented is as to whether or not the payment of the two notes is a voidable preference.

[1] In the absence of collusion, fraud, or insolvency of the debtor, the bank had a right to apply so much of the deposit as was necessary to the payment of its debt. It did not need a check to enable it to get the money. New York County Nat. Bank v. Massey, 192 U. S. 138, 24 Sup. Ct. 199, 48 L. Ed. 380; Germania Savings Bank & Trust Co. v. Loeb (C. C. A., Sixth Circuit) 188 Fed. 285, 110 C. C. A. 263.

[2] However, as was said by the court below:

"The real claim of the appellant is that Hopper [secretary and treasurer of the bankrupt] and his wife were acting in collusion with the defendant bank, in order to enable it to get its money and not be subject to a suit to recover it back as a voidable preference."

Judge Cochran found that there was not sufficient evidence to prove the charge that at the time of making the payment to the bank the Tiger Shoe Company was insolvent, nor that the bankrupt and the defendant were acting in collusion, and accordingly dismissed the petition.

After an attentive examination of the record, we find no reason to differ from the conclusion reached by the court below. The case of Kimmerle v. Farr, 189 Fed. 295, 111 C. C. A. 27, relied on by appellant, contains nothing in conflict with that conclusion.

We are of the opinion that the evidence well warranted the judgment of the District Court.

Affirmed, with costs.