### AMERICAN BANK & TRUST CO. v. MORRIS.*

#### In re WM. P. COPPING STEEL PLATE & IRON WORKS, Inc.

(Circuit Court of Appeals, Fifth Circuit. January 14, 1927.)

No. 4896.

1. Bankruptcy ⚮154—Banks and banking ⚮134(1)—Generally bank may set off deposit against loan to depositor at maturity or in case of insolvency or in event of bankruptcy.

Generally, a bank has right to set off deposit made in usual course of business against loans to depositor at maturity or in case of his insolvency, and may do so even in event of bankruptcy.

2. Banks and banking ⚮134(1)—Stipulations in notes held to constitute agreement authorizing bank to appropriate deposits on maturity or insolvency.

Stipulations in notes held to constitute an agreement authorizing bank to appropriate de-

*Rehearing denied February 19, 1927.

posits to payment of loans at maturity or in case of insolvency.

**3. Bankruptcy ☜323—Banks and banking ☜ 134(1)—Deposit applied on notes at maturity may be credited to either of notes secured by same collateral, and balance may be proved in bankruptcy (Civ. Code La. art. 2166).**

Where, under terms of notes, collateral attached to one was applicable to all notes held by bank, deposit appropriated by bank and applied on notes could have been credited on either, and the other proved as a debt in bankruptcy proceedings, since Civ. Code La. art. 2166, requiring imputation of deposit as payment to secured debt, has no application.

Petition to Superintend and Revise and Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

In the matter of the bankruptcy of Wm. P. Copping Steel Plate & Iron Works, Inc. John D. Morris, trustee, took a rule to show cause why a deposit should not be applied on a secured note, rather than to an unsecured note, constituting a claim of the American Bank & Trust Company. A judgment of the District Court affirmed the referee's ruling in favor of the trustee, and the American Bank & Trust Company petitions to superintend and revise and also appeals. Appeal dismissed, and petition to superintend and revise granted, and judgment reversed.

Charles I. Denechaud, Roger Meunier, and W. J. Waguespack, Jr., all of New Orleans, La. (Legier, McEnerny & Waguespack, of New Orleans, La., on the brief), for petitioner and appellant.

Claude L. Johnson, of New Orleans, La., for respondent and appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This case comes up both on appeal and petition to superintend and revise. As the question presented is purely one of law the appeal will be dismissed, and the matter considered on the petition.

The material facts, which are undisputed, are these: The Wm. P. Copping Steel Plate & Iron Works, Inc., hereafter referred to as the corporation, was indebted to the American Bank & Trust Company, hereafter referred to as the bank, to the extent of $9,000, evidenced by three promissory notes, one dated March 26, 1924, and maturing on June 3, 1924, for $3,000; one dated May 13, 1924, and maturing June 2, 1924, for $4,000; and one dated May 14, 1924, and maturing June 2, 1924, for $2,000. Each of these notes, among others, contained the following stipulations:

"The securities pledged with this note are also pledged to secure any other obligation of the maker or makers due or hereafter to become due to the American Bank & Trust Company, or the holder of this note.

"At or after the maturity of this note, or when same becomes due under any of the provisions hereof, any money, stocks, bonds, or other property of any kind whatsoever, on deposit or otherwise to the credit of the maker, indorsers, guarantors, or sureties on the books of the American Bank & Trust Company, or the then holder of this note, in transit or in their possession, may, without notice, be applied at the discretion of said American Bank & Trust Company, or said holder to the full or partial payment of this note.

"Should the maker of this note, or any of the indorsers, guarantors, or sureties hereon, fail in business, ask a respite, or make application for an adjudication in bankruptcy, or commit any act of bankruptcy, or have an action of bankruptcy brought against him, or apply for a receiver, or have a receiver appointed before the maturity of this note, this note and every other debt, liability, or obligation, direct or contingent, due by the undersigned or any of them, to the American Bank & Trust Company, or the holder, shall immediately become due and exigible, without demand, notice, or putting in default, notwithstanding any credit or time allowed the maker by any instrument evidencing any of said liabilities."

The note for $3,000 was originally secured by pledge of another note, which in turn was secured by a chattel mortgage on certain machinery. On the backs of the three notes notations as follows appear:

On the $3,000 note:

"5,000.00 demand chattel mortgage note also to secure two other notes of $1,000.00 each."

On the $4,000 note:

"Fifty shares Fidelity Homestead Ass'n. A. Patorno. May 30th, 1924. Balance checking a/c applied within note as per terms of note $2,006.72."

On the $2,000 note:

"Collaterals attached other notes. A. Patorno."

On May 26, 1924, a receiver was appointed for the corporation by the civil district court for the Parish of Orleans, and on May 30, 1924, the bank applied the deposit of $2,006.72 to the pro tanto payment of the $4,000 note. On July 24, 1924, a petition

for involuntary bankruptcy was filed against the corporation, and in due course it was adjudicated bankrupt. The bank filed two proofs of debt in the bankruptcy proceedings, one for the $3,000 note as a claim secured by a chattel mortgage on machinery, and one for the other two notes as unsecured. Thereafter the trustee took a rule on the bank to show cause why the deposit of $2,006.72 should not be applied to the $3,000 note secured by the chattel mortgage instead of to an unsecured note. The referee ruled in favor of the trustee, and on appeal to the District Court his order was affirmed.

The District Court treated the crediting of the deposit as a payment made by the corporation, and held that it should be imputed to the note secured by the chattel mortgage, as that was the debt which the debtor had at the time the most interest in discharging. La. Civil Code, art. 2166. In view of the facts of this case, that particular doctrine of law has no application.

[1] There is no doubt that the general rule is that a bank has the right to set off a deposit made in the usual course of business against loans to the depositor, at maturity or in case of his insolvency, and may do so even in the event of bankruptcy. In re Cross (C. C. A.) 273 F. 39; Wright v. Seaboard Steel & Manganese Corp. (C. C. A.) 272 F. 807; Walsh v. First National Bank (C. C. A.) 201 F. 522; Durkee v. National Bank of Florida (C. C. A.) 102 F. 845.

[2] If it be conceded that under the law of Louisiana it is necessary that a depositor enter into an agreement to that effect before a bank may appropriate his deposits to the payment of his loans, which some of the decisions seem to indicate, there is nothing in the law that would prevent him from agreeing in advance, at the time of negotiating a loan, that it be secured by money then on deposit, or to be deposited in the future, nor from also agreeing that any collateral then pledged to the bank should be also pledged to secure the additional loan. In this case the stipulations contained in the notes, as above set out, constitute such an agreement.

[3] There is no doubt that, under the terms of all the notes, they matured when a receiver was appointed for the corporation. It is also clear that the provisions of the notes made the collateral attached to one applicable to all. In effect, when the deposit was credited on one of the notes, there was but a single debt, secured both by the collateral and the general deposit, and it was immaterial as to which note the deposit was attrib-

uted. All the notes were of equal rank, and all equally secured. The bank might, if it had been so minded, filed one proof of debt on all the notes as a secured claim. That it chose to divide them in the manner it did makes no difference to the trustee or the ordinary creditors of the corporation.

The appeal is dismissed, the petition to superintend and revise is granted, and the judgment of the District Court is reversed.