Lawrence J. Goldstein *v.* Jefferson Title & Trust Company, Appellant.

Argued October 17, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Ashbridge Sharpless,* and with him *Ladner & Ladner,* for appellant, cited: Prudential Trust Co.'s Assignment, 223 Pa. 409; Commercial National Bank v. Henninger, 105 Pa. 496; Schuler v. LeClede Bank, 27 Federal Reporter 424.

*Marc Billett,* for appellee.

Opinion by Linn, J., November 21, 1928:

This appeal involves the right of set-off or application of payments. The suit was by a depositor against a bank for damage to his credit resulting from refusal to pay his check when, as he alleged, his account was good. The defense was that on the day payment was refused, and prior to the refusal, the amount to the credit of the depositor was reduced by the amount of his note that day matured, leaving his balance insufficient to pay the check. The court directed a verdict for the plaintiff with instructions to assess damages. The verdict was $400. Judgment for defendant, notwithstanding the verdict was refused and that refusal is assigned for error.

At the close of business November 9th, the bank held plaintiff's note for $100 maturing November 10; and the plaintiff had to his credit as depositor $161.-06; that money was the property of the bank, not of the plaintiff; but in that sum the bank was his debtor and the plaintiff the bank's creditor. While the plaintiff had all of November 10 to pay his note, that privilege did not prevent the bank at any moment on that day from exercising its right to set-off its matured claim of $100 due by plaintiff against its debt of $161.06 to him.

During the morning of November 10—the exact time is immaterial, since it is conceded that it was prior to a deposit made later in the day—plaintiff's check for $70.15 was presented to the bank; payment

was then refused because the bank had chosen to apply its matured claim of $100 in reduction of its debt to the plaintiff, reducing his balance to $61.06, insufficient to pay the check.

Plaintiff produced evidence that later in the day he deposited $50, which was credited to his account. That deposit, he contends, brought up his balance before the close of business to a sum exceeding the total of the dishonored check and his note with the legal result that the bank was liable in this action because it did not wait until the close of the day to charge his account with his note. "Whatever it [a later deposit] may prove as to the good faith of the plaintiffs when they issued checks aggregating more than their balance in bank, it can in no way aid in determining the legal obligation of the bank at a time when it could not know that its depositor was about to increase his balance by the addition of a fresh deposit": Reinisch v. Bank, 45 Pa. Superior Ct. 236, 239. Whether the bank performed its contract with the depositor must be determined as of the time of the alleged breach, and that time, in this case, was when the bank refused payment.

It has never been doubted that in the absence of special appropriation of the deposit by the depositor, a bank holding a note may, the instant it matures, even though as between it and its depositor the bank is not obliged to do so, reduce its debt to the depositor by debiting his account with the amount of the matured note: Com. v. Nat. Bk. v. Henninger, 105 Pa. 497, 500; Bank v. Legrand, 103 Pa. 309, 315; Bank v. Seitz, 150 Pa. 632, 637; in the last case it is said: "a note may be treated as, in effect, an order or check authorizing the bank to apply the deposit to the payment, but the deposit is not payment in law. Even as between the bank and the maker, the bank is not bound to make the application, but may take the risk of its ability to

collect from him and allow him to withdraw his deposit'': see also Franklin Saving & Trust Co. v. Clark, 283 Pa. 214. It is an exercise of the right of set-off or application of payment, which does not require previous notice and, of course, may be exercised the moment the depositor's debt matures which is at the opening of business. It need not be evidenced by book entry; in this case the refusal to pay the check for the reason given, is sufficient evidence of intention.

As the deposit was insufficient to pay the check because the bank exercised its right to set-off the amount of the note due it, the court should have instructed the jury to find for the defendant.

Judgment is reversed and here is rendered for the defendant.