## LEBANON IRON CO. et al. v. DONNELLY & CO., Inc.

District Court, E. D. Pennsylvania. December 6, 1928.

No. 3257.

Francis McCarthy and Thomas A. Logue, both of Philadelphia, Pa., for receivers.

Jas. McMullan, of Philadelphia, Pa., for Corn Exchange Bank.

THOMPSON, District Judge. Receivers were appointed for Donnelly & Co., with leave to continue, pending further order of the court, the active conduct of the business. The receivers were authorized by order of the court to borrow upon receivers' certificates $20,000 to be used in the conduct of the business. On May 6, 1925, they borrowed upon their certificate $10,000 from the Corn Exchange Bank of Philadelphia. The receivers opened a deposit account with the bank, in which they were credited with the amount of the certificate, and in which they also deposited moneys derived from their conduct of the business. Payments were made from time to time upon the certificate and renewals thereof until, on February 15, 1926, they owed the bank upon a renewal certificate $4,000 payable one month after date.

The bank on March 23, 1926, charged against their checking account the sum of $476.58, and on July 1, 1926, the sum of $3,523.42, making a total of $4,000, and returned to the receivers their certificate for that amount. No objection was made by the receivers to this method of discharging their liability upon their certificates until after June 17, 1927. On that date there was remaining a credit balance of $6,957.89, which was withdrawn upon the receivers' check for that amount, and the account was then closed.

The order authorizing the certificates provided, inter alia: "And it is further ordered and decreed, that the assets and property of Donnelly & Co., Inc., the above-named defendant, in the custody of the said receivers, as well as their successors in office, are expressly charged with the indebtedness of said loan and the payment thereof shall be made out of and from the property and assets of said corporation of whatsoever kind and wheresoever situate."

On September 19, 1927, the receivers upon petition were granted a rule upon the bank to show cause why it should not pay over and return to them the sum of $4,000 which it had charged against their account in payment of the certificate. An answer was filed to the petition and rule, averring that, upon the above-stated facts, the relation of banker and depositor existed between the parties; that the certificates were issued by the receivers in the same right as that in which they became depositors; and that therefore the bank, by reason of mutuality, had a right of set-off which it had put into effect without objection by the receivers, and that they had acquiesced in the transaction. The receivers have moved to strike out, under equity rule 33, the allegations of the answer setting up the defense above outlined.

It is a general rule that, where money is deposited with a bank, it does not continue to be the property of the depositor. It becomes the money of the bank the moment it is deposited, and the depositor becomes the creditor of the bank, and the bank his debtor. No trust exists in such cases. Marine Bank v. Fulton Bank, 2 Wall. 252, 17 L. Ed. 785; Thompson v. Riggs, 5 Wall. 663, 18 L. Ed. 704; Bank of Republic v. Millard, 10 Wall. 152, 19 L. Ed. 897. By virtue of the right of set-off, when the depositor becomes indebted to the bank, and its debt is due and payable, the bank has the right to apply any deposit to the payment of the indebtedness. Commercial National Bank v. Henninger, 105 Pa. 496.

That the general rule is the same, where receivers are the depositors, was held by the Circuit Court of Appeals for the Fifth Circuit in Durkee v. National Bank of Florida, 102 F. 845. In that case, as in this, the money was in the bank as a general deposit of a receiver of a railway company, and the bank held the notes of the receiver, for which money had been advanced by the bank. When the notes became due, the bank charged them to the receiver's account. Judge Shelby in his opinion said:

"When the notes became due the bank charged them to Young's account. In other works, it used the funds on deposit to pay these notes. It required all the funds that were to Young's credit to pay his notes. The controlling question in this case is, did the bank have the right to do this? If the bank had the right to apply these funds to the payment of these notes, then the plaintiff in error, as the successor of Young in the receivership, has no just claim against the bank. The money was in the bank as a general deposit. The effect of such deposit is to make the money the property of the bank, and the bank the debtor of the depositor. No trust exists in such cases. The bank does not hold the money as bailee. When, therefore, theses notes fell due, the bank had the right to apply the deposits to their payment. Having done this, it was not indebted to Young or to his successor in the receivership. 2 Morse, Banks (3d Ed.) § 559; 1 Morse, Banks (3d Ed.) § 324; Bank v. Hughes, 17 Wend. [N. Y.] 94; Scammon v. Kimball, 92 U. S. 362; 23 L. Ed. 483; Lehman v. Manufacturing Co., 64 Ala. 567, 595; Schuler v. Bank, 27 Fed. 424; 3 Am. & Eng. Enc. Law (2d Ed.) 835, and cases there cited."

See, also, Johns v. United Bank & Trust Co. (C. C. A.) 15 F.(2d) 300; Grant v. Buckner, 172 U. S. 232, 19 S. Ct. 163, 43 L. Ed. 430.

In the instant case there was no restriction in the receivers' certificates which would take it out of the general rule. The receivers had an ordinary deposit account with the bank. It was indebteded to them for deposits, and they were indebted to it for money borrowed upon the certificates issued to enable them to carry on the business. The proceeds of the business were deposited in that account. The accounts being mutual, and the deposits not being subject to a trust, the bank was clearly within its rights in setting off the depositors' debt against their deposit account.

The motion to strike out is disallowed, and, the defense being sufficient, the rule is discharged.