## COPPARD v. ALAMO NAT. BANK OF SAN ANTONIO, TEX.

No. 6413.

Circuit Court of Appeals, Fifth Circuit.

May 26, 1932.

Howell J. Mueller and W. F. Ezell, both of San Antonio, Tex., for appellant.

S. J. Brooks, of San Antonio, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

In this case the material facts may be briefly stated. On Saturday, February 8, 1930, the Landa Industries, Inc., was indebted to the Alamo National Bank for $100,000

borrowed money, represented by two notes, each for $50,000, due respectively on February 10 and February 20, 1930. The Landa Company had on deposit with the bank over $68,000. On that day an application was made to the bank for the extension of the note due February 10, the following Monday, and the bank was advised that the Landa Company wanted to draw a check for $25,000. The bank declined to either extend the note or honor the check, and notified the Landa Company that its account would be closed and the balance appropriated to the payment of the notes. Thereafter, about 11 o'clock that morning, Napier, president of the bank, was called to a meeting' being held between officers of the Landa Company and representatives of two of their largest creditors. It appeared that the Landa Company had an account on margin with J. S. Bache & Co., a brokerage house in New York, and a demand had been made for additional margins of $25,000, to be put up before 12 o'clock that day. It was thought that, unless the margin was put up, a considerable asset would be lost. Napier again declined to honor any checks of the Landa Company, and again advised that the money on deposit had been appropriated to the payment of the notes. In looking over the accounts of the Landa Company, it was discovered that J. E. Jarratt & Co. was indebted to it for approximately $25,000. J. E. Jarratt, president of the Jarratt Company and chairman of the board of the Landa Company, was present. He agreed to supply the money for the payment of the debt due by the Jarratt Company, and made an arrangement with Napier by which he sold to him 100 shares of the capital stock of the bank for $20,000 and gave his check for $5,000 on a St. Louis bank. Pursuant to this agreement, the bank received the check of the Landa Company for $25,000, and issued its cashier's check, payable to J. S. Bache & Co. in exchange. Jarratt's check was collected, and his stock was delivered a few days later. The Landa Company was adjudicated bankrupt on February 12, 1930, on its voluntary petition. The bank sought to prove up a debt of $48,154.40 based on the note for $50,000 due February 20. The trustee objected on the ground that by the above outlined transaction the bank had received certain payments or deposits of funds after knowledge of insolvency and within four months before bankruptcy, which amounted to a preference, under the provisions of section 60a of the Bankruptcy Act (11 USCA § 96 (a), and which had not been returned. Otherwise the amount

claimed was not disputed. The referee ruled against the trustee. On review by the District Court, the referee was affirmed. This appeal followed.

The bank had the right to appropriate the deposit and offset it against the debt evidenced by the notes, and no preference would result from that action. Bankruptcy Act § 68a (11 USCA § 108 (a); American Bank & Trust Co. v. Morris (C. C. A.) 16 F.(2d) 845; Studley v. Boylston Bank, 229 U. S. 523, 33 S. Ct. 806, 57 L. Ed. 1313. When it did so, as between the bankrupt and the bank the accounts were closed and the rights of the parties were fixed. The subsequent transaction by which the cashier's check was issued was distinct and separate. The bank acted merely for the convenience of the bankrupt, received no benefit whatever, and did not divert any of the assets of the bankrupt to its own use. The transaction was entirely in good faith, and was not intended by any one to be a preference. In fact, it was thought it would preserve considerable assets for the benefit of the bankrupt and its general creditors. The transaction did not create a preference. Sexton v. Kessler, 225 U. S. 90, 32 S. Ct. 657, 56 L. Ed. 995; National Bank of Newport v. Herkimer Bank, 225 U. S. 178, 32 S. Ct. 633, 56 L. Ed. 1042. Other contentions of the trustee require no discussion.

The record presents no reversible error. Affirmed.