Bethlehem Acceptance Corporation *v.* Ed New-
man Motor Co. (et al., Appellant).

Argued March 18, 1974. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and
SPAETH, JJ.

442

*Randolph A. Scott,* with him *Donald B. Smith,* for appellant.

*Allan B. Goodman,* with him *Maloney and Goodman,* for appellee.

OPINION BY SPAETH, J., December 11, 1974:

This is an appeal from a summary judgment entered in favor of Bethlehem Acceptance Corporation and against the Provident National Bank.

Bethlehem held a judgment for $11,180 against Ed Newman Motor Co. A writ of execution issued and on April 14, 1971, was served on Provident as garnishee. As it happened, also on April 14 a thirty-day promissory note executed by Newman and payable to Provident in the amount of $10,000 matured. At the close of business on April 13, Newman had two checking accounts at Provident totalling $5,241.42. Instead of holding these accounts for the benefit of Bethlehem, Provident applied them to the extent of $5,240.00 as a set-off towards the satisfaction of its note.

Section 3-122 of the Uniform Commercial Code, Act of April 6, 1953, P. L. 3, §3-122, as reenacted and amended, 12A P.S. §3-122, provides that "[a] cause of action against a maker . . . accrues (a) in the case of a time instrument on the day after maturity; . . . ." Accordingly, if this provision is applicable here, Provident's cause of action against Newman did not accrue until April 15, which is to say that Provident exercised its

right of set-off one day too soon, wrongly cutting Bethlehem off. This is what the court below held.

Provident contends, however, that a bank's right of set-off is not a "cause of action." While it is true that the phrase "cause of action" is not defined in the Uniform Commercial Code, the first "definitional cross reference" in the Comment to §3-122 is to " 'Action.' Section 1-201," which provides: " 'Action' in the sense of a judicial proceeding includes recoupment, counterclaim, set-off, suit in equity and any other proceedings in which rights are determined." *Id.,* 12A P.S. §1-201 (1). It is therefore clear that in providing when a "cause of action" accrues, §3-122 provides when a right to "set-off" accrues.

Provident suggests that a distinction should be drawn between a set-off "in the sense of a judicial proceeding," §1-201, and the sort of set-off it exercised, which is characterized as a form of self-help. Although it may be granted that §1-201 is not entirely unambiguous, we see no sense in such a distinction, and we doubt that the draftsmen of the Code intended to draw it. To the contrary, it appears to us that the intention of §3-122, when read in the light of §1-201, was to make all remedies on a time instrument fall due at the beginning of the business day after maturity.

Provident correctly cites *Goldstein v. Jefferson Title & Trust Co.,* 95 Pa. Superior Ct. 167 (1928), as supporting its position.[1] There this court said: "While the plaintiff had all of [the due date] to pay his note, that privilege did not prevent the bank at any moment on that day from exercising its right to set-off its matured claim . . . ." *Id.* at 168. However, in the view we have

---

[1] *Aarons v. Public Service Building & Loan Ass'n,* 318 Pa. 113, 178 A. 141 (1935), also cited by Provident, is not on point and thus not affected by this decision. There the negotiable instrument in dispute was a demand note, not a time instrument, and thus was collectible whenever the holder so chose.

taken of §§1-201 and 3-122, that case must be regarded as no longer stating the law.

The judgment is affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.