**In re William H. NORTON and Carrie W. Norton f/k/a Carrie A. Woodard, Debtors.**

**Bankruptcy No. 80–02504G.**

United States Bankruptcy Court, E. D. Pennsylvania.

Dec. 4, 1981.

See also, Bkrtcy., 15 B.R. 627.

---

Mitchell W. Miller, Philadelphia, Pa., for debtors, William H. Norton and Carrie W. Norton f/k/a Carrie A. Woodard.

Virginia R. Powel, Sp. Asst. U. S. Atty., Philadelphia, Pa., Judith A. Levinthal, Tax Div., Dept. of Justice, Washington, D. C., for Internal Revenue Service.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether the debtors are entitled to the release of a tax refund due them which is being retained by the Internal Revenue Service ("the IRS") on account of a prior tax liability. We conclude that the debtors are entitled to that refund because (1) the debtors' chapter 13 plan has been confirmed and the IRS is bound by the terms of that plan which provides for the payment by the debtors of the IRS's pre-petition claim in full over the life of the plan and (2) the retention of the tax refund was a setoff by the IRS of a pre-petition debt in violation of the automatic stay provided by § 362(a)(7) of the Bankruptcy Code ("the Code").

The facts of this case are as follows:[1] On October 2, 1980, William H. and Carrie W. Norton ("the debtors") filed a petition for an adjustment of their debts under chapter 13 of the Code. In their plan, the debtors scheduled the IRS as the holder of a priority tax claim with respect to an income tax deficiency for 1978 in the amount of $762.00[2] and provided for the payment in full of that claim over the life of their plan.[3] On April 7, 1981, the IRS filed an amended priority proof of claim in the amount of $737.97 for the taxes due by the debtors for 1978. The debtors' plan was confirmed on April 23, 1981.

Prior to that date, the debtors had filed a tax return for the 1980 tax year which showed they were entitled to a tax refund of $2,052.78. The IRS subsequently refunded $1,314.81 to the debtors but retained $737.97 on account of their 1978 tax liability. Thereafter, on May 14, 1981, the debtors filed an application with this court requesting an order directing the release of the funds being retained by the IRS. The IRS opposed that application but, after argument, we conclude that the debtors are entitled to the release of those funds.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 507(a)(6)(A) of the Code provides in part:

    (a) The following expenses and claims have priority in the following order:

    (6) Sixth, allowed unsecured claims of governmental units, to the extent that such claims are for—

    (A) a tax on or measured by income or gross receipts—

    (i) for a taxable year ending on or before, the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.

    11 U.S.C. § 507(a)(6)(A)(i).

3. Section 1322(a) provides that a plan shall:

    (2) provide for the full payment, in deferred cash payments of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim.

We so conclude because, first, we find that the IRS is bound by the terms of the debtors' confirmed chapter 13 plan and, therefore, is not entitled to any better treatment than provided for in that plan. In this respect, section 1327(a) of the Code provides:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

In the instant case, the debtors' confirmed plan provides for the payment of the IRS claim in full over the life of the plan and, therefore, the IRS is not entitled to any better treatment than that plan provides. In particular, the IRS is not entitled to receive its entire claim immediately which is what it seeks to do by retaining the $737.97.

In response, the IRS asserts, that it is nonetheless entitled to a setoff of its claim against the debtors' tax refund under § 553 of the Code.[4] Without deciding whether the IRS does have a right of setoff,[5] we conclude that the IRS failed to properly exercise that right under the Code. While we agree with the IRS's contention that § 553 of the Code preserves a creditor's right of setoff, that section specifically states that that right is nonetheless subject to the automatic stay provisions of the Code. In particular, § 362(a)(7) provides a stay of "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." In the instant case, the IRS failed to seek relief from the stay before it retained the debtors' funds.[6] This was, we conclude, a violation of the automatic stay by the IRS.[7]

The IRS argues, however, that its action was not a violation of § 362(a)(7) because it was merely a retention of the funds, not a setoff. To be a setoff, the IRS contends, there must be a bookkeeping entry to that effect. *See, e. g., Baker v. National City Bank,* 511 F.2d 1016 (6th Cir. 1975). We disagree. Under Pennsylvania

---

**4.** Section 553 provides in part:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

**5.** The debtors assert that the IRS does not have such a right of setoff because the debts involved herein are not mutual debts which arose before the commencement of the case. This is so, the debtors contend, because, while the debt owed by them to the IRS arose in 1978 well before the commencement of the case, the debt owed by the IRS to the debtors (i. e., the tax refund) did not arise until after the debtors had filed their 1980 tax return in the spring of 1981. This was after the case had commenced in October, 1980. The IRS asserts, however, that at least part of the tax refund debt arose before October, 1980, because of the fact that it arose because too much was being withheld from the debtors' paychecks each week. Because of our holding above, we find it unnecessary to decide this issue.

**6.** Although the IRS did file a "Request to Lift Automatic Stay" on June 26, 1981, that request was not made in the form of a complaint as required by Interim Rule 7006 and Rule 701 of the Rules of Bankruptcy Procedure and was, thus, procedurally deficient. We will, therefore, grant the debtors' motion to strike that request. Thereafter, the IRS did file a complaint for relief from the stay in which, in a related opinion issued today, we concluded that the IRS was not entitled to relief from the stay.

**7.** The IRS has even issued guidelines which acknowledge that it must obtain relief from the stay before exercising a right of setoff against a tax refund of a debtor under the Code. *See* IRS Manual Supplement 5G–249 (Rev. 1) at § 2.02 (June 2, 1980). The IRS, however, points to several standing orders which have been issued by the bankruptcy courts in the Northern and Southern Districts of Ohio and the District of Colorado which permit the IRS to setoff any mutual debts of debtors against tax refunds due those debtors. *See* Exhibits A–D to the IRS's Supplemental Memorandum. There is, however, no such standing order in this district. In fact, in Procedural Order No. 25 promulgated by the Board of Bankruptcy Judge for this district on July 31, 1981, we declined to provide the IRS with such a standing order. Consequently, the IRS is subject to the automatic stay provisions of the Code.

law, a setoff is accomplished when the creditor evidences a sufficient intent to make a setoff. In *Goldstein v. Jefferson T. & T. Co.*, 95 Pa.Super. 167 (1928), the Superior Court of Pennsylvania held that a setoff "need not be evidenced by a book entry" and that a bank's refusal to honor a check drawn on the plaintiff's account after the plaintiff had defaulted on a bank note was "sufficient evidence of intent" to accomplish a setoff. *Id.* at 170. In the instant case we conclude that the action of the IRS in retaining the funds which it admitted were due the debtors as part of their 1980 tax refund demonstrate an intent to effectuate a setoff in violation of § 362(a)(7) of the Code.

In light of the above, we conclude that the IRS is not entitled to retain the $737.97 being held by it and we will, therefore, order it to refund that sum to the debtors. We conclude further that the IRS, by retaining the debtors' tax refund in violation of the automatic stay, is in contempt of this court. In order for a party to be in contempt of court (1) there must be a "specific and definite" order of the court which that party has violated and (2) the party must have had actual knowledge of that order.[8] In the instant case, we find that the automatic stay provisions of the Code are "specific and definite" orders of the court.[9] Furthermore, the IRS admits that it had knowledge of the debtors' filing under chapter 13 and, thus of the applicability of the stay provisions, at the time it retained the debtors' tax refund. In fact, it appears that it was the filing of a petition under chapter 13 by the debtors which caused the IRS to retain the debtors' tax refund and, further, that it is the policy of the IRS to retain the tax refund of any

taxpayer who has filed a petition under the Code.[10] In light of that policy, which is in direct contravention of the automatic stay provisions of the Code, we conclude that the IRS is in contempt of this court and should be fined for its contemptuous conduct.

Section 105(a) of the Bankruptcy Code provides that "the bankruptcy court may issue any order that is necessary or appropriate to carry out the provisions of this title."

Rule 920(a)(3) of the Rules of Bankruptcy Procedure provides that the Bankruptcy Judge "may not impose a fine of more than $250 as punishment for any contempt."

## ORDER

AND NOW, this 4th day of December, 1981, it is

ORDERED that, upon consideration of the application of William H. and Carrie W. Norton ("the debtors"), the Internal Revenue Service be, and the same hereby is, DIRECTED to turn over to the debtors the fund of $737.97 being held by it; and it is further

ORDERED that, since we have found the IRS to be in contempt of court, it shall pay to the Clerk of the United States Bankruptcy Court a fine of $150.00 for its violation of the stay provisions of the Code.

## MEMORANDUM ORDER

AND NOW, this 4th day of December, 1981, it is

ORDERED that, upon consideration of the motion of William H. and Carrie W. Norton to strike the "request" (sic) of the Internal Revenue Service for a "lifting"

---

**8.** *See, e. g., Fidelity Mortgage Investors v. Camilia Builders, Inc.*, 550 F.2d 47 (2d Cir. 1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977); *United States v. Christie Industries, Inc.*, 465 F.2d 1002 (3d Cir. 1972).

**9.** *See, e. g., In re Miller*, 10 B.R. 778, 4 C.B.C.2d 530 (Bkrtcy.D.Md.1981); *In re Abt*, 2 B.R. 323, 5 B.C.D. 1237 (Bkrtcy.E.D.Pa.1980). *Cf. Fidelity Mortgage Investors v. Camilia Builders, Inc.*, 550 F.2d 47 (2d Cir. 1976), *cert. denied*, 429

U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977) (held party in contempt for violation of automatic stay provision of Rule 11–44 of the Rules of Bankruptcy Procedure.)

**10.** *See* Memorandum in Support of the Opposition of the Internal Revenue Service to the Debtors' Application for Release of Tax Refund, filed May 18, 1981, *citing* IRS Manual Supplement 5G–249 (Rev. 1) (June 2, 1980).

(sic) of the automatic stay be, and the same hereby is, STRICKEN for failure to comply with Interim Bankruptcy Rule 7006 and Rule 701 of the Rules of Bankruptcy Procedure which require that a complaint be filed in order to obtain the desired relief.