**In re Albert A. CUSANNO, Julia Cusanno, Debtors.**

**Albert A. CUSANNO, Julia Cusanno, Plaintiffs,**

**v.**

**The FIDELITY BANK, Defendant.**

**Bankruptcy No. 81–02373G.**

**Adv. No. 81–0859G.**

United States Bankruptcy Court, E. D. Pennsylvania.

March 2, 1982.

Jack K. Miller, Philadelphia, Pa., for plaintiffs/debtors, Albert A. Cusanno and Julia Cusanno.

Robert G. Bauer, Abraham, Pressman & Tietz, P.C., Philadelphia, Pa., for defendant, The Fidelity Bank.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge:

The issue at bench is whether the action of the bank in putting an "administrative hold" on the debtors' checking account after the debtors had filed a petition under chapter 13 of the Bankruptcy Code ("the Code") was a violation of the automatic stay provisions of § 362(a) of the Code. We conclude that the bank's action was a violation of the automatic stay and will, therefore, direct the bank to release that hold.

The facts of the instant case are as follows: [1] On December 4, 1978, the Fidelity

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

Bank ("the bank") extended a loan to Albert A. and Julia Cusanno ("the debtors") in the principal amount of $4,600.00. On June 19, 1981, the debtors filed a petition for an adjustment of their debts under chapter 13 of the Code. At that time the balance due on the loan was $1,200.00. Shortly thereafter, the bank placed an "administrative hold" on the debtors' checking account which contained a balance of $416.21. Because of that hold, the bank has since refused to honor checks drawn on the debtors' account.

When the bank refused to lift that hold on request of the debtors, they filed a complaint seeking a release of the funds in their account and damages. The debtors assert that the funds in the checking account are property of the debtors' estate which the debtors may exempt under § 522(d)(5) of the Code.[2] The debtors further contend that the bank's post-petition "administrative hold" on those funds was a violation of the automatic stay provisions of § 362(a) of the Code. Consequently, the debtors request a release of the "administrative hold" and an award of damages in the amount of $5,000.00 for the unnecessary hardship, embarrassment and emotional distress caused them by the bank's action.

■ In response, the bank argues that the funds in the debtors' checking account are not property of the estate which may be exempted by the debtors because, under Pennsylvania law, money deposited with a bank becomes property of the bank.[3] We disagree with the bank's argument on this point. Under the Bankruptcy Code, property of the estate does not include only property in which the debtor has legal title, rather § 541(a) of the Code defines property of the estate very broadly to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). In the instant case, the debtors did have an equitable, if not legal, interest in the funds in their checking account at the time they filed their petition under chapter 13. Therefore, we conclude that that interest in the funds in that account was property of the estate, which could be exempted by the debtors pursuant to § 522(b)(1) and (d)(5).[4]

■ The bank argues further, however, that its action in placing an "administrative hold" on the debtors' account is protected under the Code. In support of its argument, the bank cites § 553 of the Code which preserves a creditor's right of setoff.[5] However, § 553 specifically states that a creditor's right of setoff is subject to the provisions of § 362 and § 362(a)(7) precludes a creditor from taking any action, after the debtor has filed a petition for relief, to setoff a mutual debt.[6] Therefore, we conclude from a reading of both § 553

2. Section 522(d)(5) provides:
   (d) The following property may be exempted under subsection (b)(1) of this section:
   .   .   .   .   .
   (5) The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property.
   Subsection 522(m) permits each debtor in a joint case to take separate exemptions under § 522.

3. See, e.g., Lebanon Iron Co. v. Donnelly & Co., Inc., 29 F.2d 411 (E.D.Pa.1928). See, generally, 5 Pennsylvania Law Encyclopedia, Banks & Banking § 65 (1958).

4. Although the debtors may exempt their interest in the checking account, that does not affect any interest which the bank may have in that account unless the bank's interest is avoided under some other provision of the Code.

5. Section 553(a) of the Code provides in part:
   (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

6. Section 362(a)(7) provides:
   (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entitles, of—
   (7) The setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor....

and § 362(a)(7) that, in order to exercise its right of setoff *after* a petition has been filed, the creditor must first seek and obtain relief from the stay. *Accord, In re Norton,* 15 B.R. 623 (Bkrtcy.E.D.Pa. Dec. 4, 1981).

 In the instant case, the bank failed to obtain relief from the stay before it acted by placing an "administrative hold" on the debtors' account.[7] This was, we conclude, a setoff in violation of § 362(a)(7) of the Code. The bank contends, however, that its action was not a setoff but was only an "administrative hold." We fail to see the difference. Under Pennsylvania law, a setoff occurs when the creditor evidences a sufficient intent to make such a setoff. *Goldstein v. Jefferson T. & T. Co.,* 95 Pa.Super. 167 (1928). The facts of the *Goldstein* case are remarkably similar to the facts of this case. In *Goldstein,* the Superior Court of Pennsylvania held that a bank's refusal to honor checks drawn on the plaintiff's account after the plaintiff had defaulted on a bank loan was "sufficient evidence of intent" to make a setoff and that a book entry to that effect was not necessary to show that intent. *Id.* at 170. Therefore, we conclude that the actions of the bank in placing an "administrative hold" on the debtors' account was a setoff in violation of § 362(a)(7) of the Code.

The bank contends further, though, that its action in placing an "administrative hold" on the debtors' checking account was necessary to maintain the status quo and to protect its right of setoff. We disagree. Section 362(a)(7) explicitly prohibits the actions that were taken by the bank and contains no exception to "maintain the status quo". Furthermore, the bank had available adequate remedies under the Code, i.e., obtaining relief from the stay under § 362(d) and/or seeking injunctive relief to preserve its rights in the debtors' checking account. Instead, the bank chose to violate

the automatic stay. Such action will not be sanctioned by this court.

 Based on all of the above, we conclude that the action of the bank in placing an "administrative hold" on the debtors' checking account was a violation of the automatic stay and we will, therefore, direct the bank to release that hold. *See, e.g., In re Kenney's Franchise Corp.,* 7 B.C.D. 1281, 12 B.R. 390 (Bkrtcy.W.D.Va. 1981).[8] We will further direct the bank to pay the reasonable costs (including attorneys' fees) which were incurred by the debtors in this action on account of the bank's refusal to release the debtors' funds because we find that the debtors have been damaged to the extent that they have had to prosecute this action. *See* 11 U.S.C. § 105(a). However, with respect to the other damages alleged by the debtors, we conclude that there is insufficient evidence on which to sustain an award of damages therefor.

---

7. Although the bank did include in its answer to the debtors' complaint a "petition to modify stay", that "petition" was made after the bank had already violated the stay by placing an "administrative hold" on the debtors' account.

8. *But see, In re Carpenter,* 14 B.R. 405, 8 B.C.D. 168 (Bkrtcy.M.D.Tenn.1981) in which the bankruptcy court held that, in a chapter 7 liquidation case, it was not a violation of the automatic stay for a bank to put a freeze on the debtor's checking account if the bank promptly files a complaint for relief from the stay.