**In re Sandra Lee MURRY, Debtor.**

**Sandra Lee MURRY**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE.**

Bankruptcy No. LR 80–659.
Adv. No. 81–367.

United States Bankruptcy Court,
E. D. Arkansas, W. D.

July 24, 1981.

Jack Sims, Little Rock, Ark., for debtor.

A. Doug Chavis, Asst. U. S. Atty., Little Rock, Ark., for Commissioner of Internal Revenue Service.

A. L. Tenney, Little Rock, Ark., trustee.

---

## MEMORANDUM AND ORDER

ARNOLD M. ADAMS, Bankruptcy Judge.

The relevant facts are that on June 27, 1980, the debtor filed a Chapter 13 plan. The debtor owes the Internal Revenue Service $360.75 for 1978 Form 1040 taxes. The Internal Revenue Service is holding a refund check to debtor in the amount of $231.20.

Debtor filed a complaint to require the Internal Revenue Service to turn over the check to plaintiff pursuant to 11 U.S.C. § 542.

The United States answered that 26 U.S.C. § 6402, while not allowing the debt to be set off, does allow the Internal Revenue Service to retain said refund check until such time as a setoff may occur, and requested a lifting of the automatic stay to allow a setoff.

Section 6402(a) of the Internal Revenue Code of 1954 provides that:

SEC. 6402. AUTHORITY TO MAKE CREDITS OR REFUNDS.

(a) General Rule.—In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall refund any balance to such person.

This section clearly grants the United States an unqualified right to offset an overpayment against any federal tax liability of the person who made the overpayment. The automatic stay provisions of 11 U.S.C. Section 362 prevent the setoff from being made immediately, but no provision of the Bankruptcy Code eliminates the rights granted to the United States by the Internal Revenue Code.

Not only is the Government's right of setoff supported by statute, but it is also the equitable solution in this situation. Any refund made to the plaintiff at this point would be a windfall to her. The plan proposed by the debtor-plaintiff in this proceeding is based upon the net income which she has at her disposal during the course of the year. Amounts which are deducted from her gross income are not taken account of because it is assumed they are being used to cover current expenses. If, as in this case, the debtor's current tax liabilities are less than the amounts withheld from her wages, then the excess should be available to her creditors under the plan. If the 1980 overpayment is simply refunded to the debtor-plaintiff herein, she will receive a cash windfall with no additional obligation to her creditors other than to continue with her payments under the plan. It is clearly a fairer solution to allow the United States to retain the overpayment against its claim in the bankruptcy proceeding.

The legislative history surrounding § 362 indicates that the object of § 362, as it relates to Chapter 13 proceedings, is to allow the trustee to have an opportunity to inventory the debtor's position before proceeding with the administration of the case. See S.Rep.No.989, 95th Cong., 2d Sess. 50, reprinted in [1978] U.S.Code Cong. & Ad. News 5787 at 5836 [hereinafter referred to as S.Rep. 989]. Thus, the drafters intended § 362(a)(7) as a mere stay of a creditor's enforcement of its setoff rights pending an orderly examination of the debtor's and creditor's rights. Id. at 51, reprinted in [1978] U.S.Code Cong. & Ad.News, 5837. Indeed, § 362 was never intended to affect a creditor's substantive setoff rights. Id.; See also Bankruptcy Code § 553. As stated in the House Report on the Bankruptcy Reform Act of 1978, "the stay is finely tuned. It is not overbroad and . . . it operates only as a procedural delay. The creditor remains entitled to full satisfaction." H.R.Rep.No.595, p. 123, U.S.Code Cong. & Ad.News 5963 at 6084.

Finally, the automatic stay is intended to give the debtor a breathing spell from his creditors by stopping all collection efforts, all harassment, and all foreclosure actions. S.Rep.No.989, p. 54. In the instant case, the Service is merely retaining an overpay-

ment amount. Retaining said amount is not and cannot fairly be construed to be equivalent to the type of action prescribed by § 362 when read in conjunction with 26 U.S.C. § 6402(a).

The distinction between "setoff" and "retainage" and the legality of the latter is bolstered by what motivated the drafters of the Bankruptcy Reform Act of 1978. Specifically, the Federal tax system is based on voluntary assessment. Such a system only works to the extent that the majority of the taxpayers think that system is "fair". The drafters of the Bankruptcy Code attempted to protect and preserve that notion of "fairness" as it regards the taxpaying public. In so doing, the drafters balanced the broad goals of rehabilitating debtors and giving equal treatment to private voluntary creditors vis-a-vis governmental units *with* the interest of other taxpayers upon whom the burden of making up the revenues thus lost will be shifted when bankruptcy frees debtors of paying or allows debtors to needlessly retard paying their tax liabilities. S.Rep. 989, p. 14, U.S.Code Cong. & Ad.News, 5800.

The Service's retention of qualified setoff amounts does not unduly or unjustifiably burden the debtor in bankruptcy. Such procedure closes an unintended loophole that allows a debtor to use the procedural processes of the Bankruptcy Code to avoid payment of allowable tax claims with ready and available tax monies (credits) to the detriment of all other taxpayers. Since the Service is an agency or direct arm of the Federal taxing authority and, thus, a statutory creditor of practically every taxpayer, the tax collection rules for bankruptcy cases have a direct impact on the integrity of the Federal taxing system. Those rules should not be used to the detriment of the general tax public.

The trustee is not entitled to those overpayments to the extent the debtor has any outstanding tax liabilities inasmuch as I.R.C. § 6402(a) results in there being no overpayment, i. e., to the extent the Service is authorized to apply credit amounts against any tax liability there will be no overpayment balance to refund to a trustee.

As the debtors have never had a right to refund of the overpayment under I.R.C. § 6402(a), the overpayment does not constitute property of the estate that the trustee is entitled to under § 1306(a)(1).

This reasoning is supported by the Text of Senate Report No. 97–150 and 5863 as reported by the Senate Committee on the Judiciary dated July 10, 1981, at Section 125(a) relating to 11 U.S.C. § 1322(a)(2) states, "This amendment makes clear that secured tax claims are to be paid under the Chapter 13 plan." CCH Bankruptcy Law Reporter, Number 47, July 17, 1981.

It should also be noted that while debtor is seeking the turnover pursuant to 11 U.S.C. § 542, said section provides that it is the trustee entitled to a turnover and not the plaintiff debtor. Plaintiff-debtor is not entitled to a windfall under the spirit of the Bankruptcy Code to the detriment of creditors. The Court finds that the retainage of the refund check by the United States will neither hinder nor burden the administration of the estate.

It is therefore ORDERED, ADJUDGED and DECREED that pursuant to 26 U.S.C. § 6402(a), the Internal Revenue Service is entitled to retain said refund check in the amount of $231.20.

The Court further holds that since the United States is entitled to retain said refund check, it is ORDERED, ADJUDGED and DECREED that the automatic stay is hereby lifted to allow the setoff requested in defendant's Answer and Counterclaim.