**In the Matter of Daniel Floyd HACKNEY, Debtor.**

**Bankruptcy No. 80–00144.**

United States Bankruptcy Court, D. Idaho.

May 20, 1982.

Kibler, Hamilton & Clark, Nampa, Idaho, for debtor.

Guy G. Hurlbutt, U. S. Atty., Boise, Idaho, and Scott A. Milburn, Trial Atty., Tax Div., Dept. of Justice, for I.R.S.

## MEMORANDUM DECISION AND ORDER

MERLIN S. YOUNG, Bankruptcy Judge.

This matter is before the court upon debtor's motion to hold the Internal Revenue Service (hereinafter referred to as IRS) in contempt for offsetting a prepetition tax refund due debtor against a prepetition tax liability and for an order directing IRS to pay the prepetition refund to debtor.

The debtor filed his petition for relief under chapter 13 of Title 11, U.S.C. on January 30, 1980, and submitted a plan for payment of his creditors which provided a monthly payment to the IRS for a period of 36 months. Proper notice of debtor's filing, § 341 meeting of creditors, and the date for hearing of confirmation of the plan was given to IRS. No objections to confirmation were filed by the IRS. IRS has never filed a claim seeking payment under the plan, but the debtor on April 17, 1981, did file a claim on behalf of IRS pursuant to § 501(c) of the Code. Notice of this filing of claim was given to the IRS by clerk of this court. Thereafter, on November 2, 1981, the debtor voluntarily amended his plan to increase the amounts to be paid to the IRS for taxes due.

Debtor was entitled to a refund for overpayment of withheld taxes during the year 1979 and on November 21, 1980, the IRS voluntarily paid this sum to the chapter 13 trustee. Thereafter, the debtor became entitled to another refund for overpayment of taxes during the year 1976 in the amount of $3,109.04. IRS now refuses to release this

overpayment to the trustee and claims it is entitled to a setoff against the tax liabilities which are being paid to IRS under debtor's plan of arrangement. IRS asserts that, under section 6402(a) of the Internal Revenue Code and section 553(a) of the Bankruptcy Code, it has the right to offset the refund due for the year 1976 against unpaid taxes which arose prior to the filing of the chapter 13, if it obtains relief from the 362(a)(7) stay, which it has not done. In addition to the statutory authority, it relies on two recent Bankruptcy Court decisions, *Murray v. Commissioner*, 15 B.R. 325, 8 BCD 438, 439 (Bkrtcy.E.D.Ark.1981) and *Lawrence v. Commissioner*, Bankruptcy No. LR 80–02880, decided by another Bankruptcy Judge in the Eastern District of Arkansas on July 24, 1981. Both of these cases hold that the IRS can offset after a confirmed chapter 13 plan is in effect. Neither decision discusses the impact of sections 1322(a)(2) and 1327. These sections provide:

> 1322(a)(2). The plan shall—provide for the full payment, *in deferred cash payments of all claims entitled to priority under section 507* of this title, unless the holder of a particular claim agrees to a different treatment of such claim. . . .

> 1327. (a) *The provisions of a confirmed plan bind* the debtor and *each creditor*, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted or has rejected the plan.

> (b) Except as otherwise provided in the plan or the order confirming the plan, *the confirmation of a plan vests all of the property of the estate in the debtor.*

> (c) Except as otherwise provided in the plan or in the order confirming the plan, *the property vesting in the debtor* under subsection (b) of this section *is free and clear of any claim or interest of any creditor provided for by the plan.* (Emphasis added)

Thus, the funds in question vested in debtor free and clear of any claim by the IRS under these statutory provisions.

There are two well reasoned decisions involving factual situations analogous to the case at bar which are contrary to the Arkansas cases. See *In re Norton*, 15 B.R. 623, 5 CBC2d 826, 8 BCD 747 (Bkrtcy.E.D. Pa.1981); *In re Mealey*, 16 B.R. 800 (Bkrtcy. E.D.Pa.1981). Those courts held that, where debtors have a confirmed chapter 13 plan providing for payment of an IRS claim in full during the life of the plan, the IRS is bound by the terms of the confirmed plan and is not entitled to better treatment than is given it in the plan. These courts further held that debtors have the right to make deferred payments and that IRS cannot modify that right or alter the plan by offset. The cases also hold that where the IRS has failed to seek relief from the stay and retains the tax refund, although it has made no bookkeeping entry, it is in fact exercising a setoff in violation of section 362(a)(7) which is punishable by contempt.

■ While there is an apparent conflict between the provisions of sections 553 and 1327 of the Code in this factual situation, I conclude that the scheme of chapter 13 should prevail over a setoff attempted after confirmation of a plan. The right to have a stay vacated and to exercise a setoff must be exercised by a creditor who is provided for in the debtor's plan prior to confirmation. Once the plan is confirmed, if it makes provision for payment of a creditor's obligation in a specific manner, that creditor is bound by the terms of the plan.

· In the Arkansas cases, the courts felt that payment of a refund without offset would be a windfall to the debtor which would not be equitable. I am of the opinion that, unless the refund is so large that its payment to creditors in a chapter 7 liquidation would create dividends in excess of the amount being paid to the same creditors under the wage earner plan, payment to the debtor is permissible because the plan as a whole would still meet the requirement of good faith required by section 1325(a)(4).

■■ For the foregoing reasons, I find that the IRS in this case is in contempt by reason of its retention of the overpayment and that debtor is entitled to an order di-

recting payment of the funds in question to him. As a penalty for violation of the stay, I find that the IRS should pay a reasonable fee to debtor's counsel for prosecuting this proceeding, which fee is hereby set in the amount of $350.00.

Counsel for debtor may prepare a formal order in accord with this decision.