In re William Henry HAMMETT, Debtor.

UNITED STATES of America on Behalf of its agency INTERNAL REVENUE SERVICE, Plaintiff,

v.

William Henry HAMMETT and James J. O'Connell, Esquire Trustee, Defendants.

Bankruptcy No. 80–01886K.
Adv. No. 82–0390K.

United States Bankruptcy Court,
E. D. Pennsylvania.

July 27, 1982.

---

Virginia R. Powel, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Mitchell W. Miller, Philadelphia, Pa., for debtor.

James J. O'Connell, Philadelphia, Pa., standing trustee.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case comes before the Court on a complaint for relief from the automatic stay imposed by § 362 of the Bankruptcy Code. The plaintiff, the Internal Revenue Service, seeks to setoff the tax refund due the debtor for the 1980 tax year against unpaid tax liability for previous years. The debtor opposes such relief and has filed a counterclaim. For the reasons set forth below, the Court will deny the plaintiff's prayer for relief and dismiss the complaint.[1]

Before addressing the issues, the long and tortuous factual history must be set forth. The debtor filed his Chapter 13 petition and plan on August 4, 1980. The first meeting of creditors was held in February of 1981. Prior to confirmation of the plan, the debtor objected to the proof of claim filed by the I.R.S. The Court decided the matter in favor of the debtor and entered an order allowing the claim of the I.R.S. only as an unsecured claim.[2] The debtor's plan was confirmed on May 7, 1981.

Nine (9) months later, on February 23, 1982, the I.R.S. filed a complaint for relief from the stay. This complaint was quashed upon motion of counsel for the debtor, on the basis that the plaintiff failed to comply with the Rules of Bankruptcy Procedure. The plaintiff appealed this Order.

In addition to the appeal, the plaintiff filed an amended complaint on this matter. Trial on this matter was scheduled for April 27, 1982. On this date, counsel stipulated to all the facts. The Court entertained argument and reserved decision on the matter. Attorneys for both the I.R.S. and the debtor submitted extensive and well-written briefs.

The legal issue raised by the I.R.S. is really quite simple. It is only when the issue is applied to the facts of this case that

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. The Internal Revenue Service was denied priority status because the unpaid tax liability giving rise to the claim was not granted priority under 11 U.S.C. § 507(a)(6). This Order was not appealed and became a final Order pursuant to Rule 803 of the Rules of Bankruptcy Procedure.

the matter becomes complicated. Basically, the plaintiff seeks relief from the automatic stay to enforce an alleged right of setoff against a tax credit due the debtor.[3]

The argument which the I.R.S. advances in support of the prayer for relief is expounded with a great deal of persuasiveness in their well-researched memorandum of law. The plaintiff argues that the Internal Revenue Service has a right to setoff tax liabilities against tax credits. This right is created by the Internal Revenue Code[4] and preserved by the Bankruptcy Code.[5] The imposition of the automatic stay, however, prevents the Service from exercising this right.[6] The I.R.S., therefore, has filed this complaint alleging that the debtor has not provided the plaintiff with adequate protection as required by § 362(d)(1) of the Bankruptcy Code.[7]

As has been stated before, this is an attractive and persuasive argument. In the ordinary case, the burden would be on the debtor to show that the plaintiff is adequately protected.[8] Unfortunately, this position cannot prevail on the facts of this case.

Section 553 of the Bankruptcy Code provides, in pertinent part:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case...

The Code only permits setoff of mutual debts which arose *prior* to the commencement of the case. In this matter, the debtor's right to refund did not arise until eight (8) months after the filing of the petition. The debtor's claim against the I.R.S. did not exist before the commencement of the case. Therefore, there is no right of setoff to be preserved by § 553. The Court finds that the I.R.S. does not have a right of setoff against the refund of $211.00. If no right of setoff exists, there would be no basis for the Court to lift the automatic stay.

The automatic stay provision of the Bankruptcy Code prohibits "...any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case under this title."[9] Relief from this stay may only be granted if specific grounds are proven. In this case, the plaintiff has not made out a case which would entitle the I.R.S. to relief. The I.R.S. has no interest in this refund, therefore, lack of adequate protection of an interest in property cannot serve as the basis for relief.[10] The other bases for relief are not applicable to this case, nor were they averred in the complaint.

The debtor, furthermore, alleges that the Internal Revenue Service is in breach of § 1327 of the Code. This section provides:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan and whether or not such creditor has objected to, has accepted, or has rejected the plan.

In this case, the I.R.S. is a general unsecured creditor.[11] The plaintiff has never appealed the Order relegating it to unsecured status. The plaintiff has never objected to confirmation of the Chapter 13 plan. The I.R.S., therefore, must be bound by the terms of the plan.

The debtor's plan provides for payment to unsecured creditors. In attempting to seize

---

3. The debtor claims that he is due a refund of $211.00. The I.R.S. seeks to setoff this amount.

4. 26 U.S.C. § 6402(a).

5. 11 U.S.C. § 553.

6. 11 U.S.C. § 362(a)(7).

7. See, also, 11 U.S.C. § 361.

8. 11 U.S.C. § 362(g).

9. 11 U.S.C. § 362(a)(6).

10. 11 U.S.C. § 362(d)(1).

11. Order of this Court dated April 6, 1981.

this refund, the I.R.S. has acted in direct contravention of both the letter and spirit of the Bankruptcy Code.

If the plaintiff had been entitled to a priority claim, which the Code requires to be paid in full,[12] this case might not have arisen. Similarly, if the I.R.S. had possessed a valid right of setoff which the Code treats as a secured claim,[13] the plaintiff would have at least recovered the amount of the refund.[14] The plaintiff, however, is not entitled to such status.

The debtor has filed a counterclaim against the I.R.S. in the amount of $750.00. This sum is requested to be rewarded as a counsel fee to the debtor's attorney for defending the debtor against the unlawful tactics employed by the I.R.S. The brief filed by the United States Attorney does not address this issue. The brief was meant to serve as a trial memorandum and, apparently, there was insufficient time to address the counterclaim. Therefore, the United States Attorney will be granted twenty (20) days to file a memorandum of law on the issues raised by the counterclaim.

Finally, the I.R.S. will be Ordered to disburse the sum of $211.00 to the debtor.

Jack G. Davis, Birmingham, Ala., for debtor.

Mark H. Friedman, Birmingham, Ala., for Pizitz Dept. Store.

Milton G. Garrett, Birmingham, Ala., trustee.

Jack Rivers, Birmingham, Ala., U. S. trustee.

---

**12.** 11 U.S.C. § 1322(a)(2).

**13.** 11 U.S.C. § 506(a) provides that a claim subject to a right to setoff is a secured claim to the extent of the amount subject to setoff.

**14.** Under 11 U.S.C. § 1325(a)(5), the Chapter 13 plan must pay the allowed amount of the secured claim unless the creditor accepts the plan or the property securing the claim is released to the creditor.