In re Michael A. POWERS, Debtor.

UNITED STATES of America, Plaintiff,

v.

Michael A. POWERS, and James J. O'Connell, Esquire, Trustee, Defendants.

Bankruptcy No. 81–05316K.
Adv. No. 82–1872K.

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 26, 1983.

Jack K. Miller, for trustee.

Virginia R. Powell, Asst. U.S. Atty., Michael J. Salem, Trial Atty., Tax Div., U.S. Dept. of Justice, for United States.

Michael A. Powers, pro se.

MEMORANDUM AND ORDER

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on the complaint of the United States, on behalf of the Internal Revenue Service, for relief from the stay imposed by 11 U.S.C. § 362(a)(7). The debtor is liable to the I.R.S. in the sum of $1,406.50 for unpaid taxes for the 1980 tax year. The debtor is entitled to a refund for the 1981 tax year in the amount of $757.00. The I.R.S. has filed the instant complaint to obtain relief from the stay in order to setoff this refund against the unpaid tax liability.

A party with a right of setoff may retain funds until the issue is decided. *In re Murry*, 15 B.R. 325 (Bkrtcy.E.D.Ark. 1981); 11 U.S.C. § 542(b). Although the debtor is entitled to a refund for the 1981 tax year, the Internal Revenue Service has a valid right of setoff against this fund. 26 U.S.C. § 6402(a); 11 U.S.C. § 106(b). A right of setoff is similar to a secured claim under the Bankruptcy Code. 11 U.S.C. § 506(a). The Court will grant relief from the stay where a secured claim or a right of setoff is not adequately protected. 11 U.S.C. § 362(d). The debtor has the burden

of proving that such a claim is adequately protected. 11 U.S.C. § 362(g). In this case, the debtor produced no evidence of adequate protection. The debtor, having failed to carry the burden of proof, there is no reason to continue the stay.

## ORDER

AND NOW, this 26th day of January, 1983, in accordance with the foregoing Memorandum, it is

ORDERED that the automatic stay of proceedings against the debtor's tax refund in the sum of $757.00 is hereby TERMINATED.