In re Leroy PERRY, Eloise
Perry, Debtors.

UNITED STATES of America, Plaintiff,

v.

Leroy PERRY, Eloise Perry and James
J. O'Connell, Esquire, Trustee,
Defendants.

Bankruptcy No. 82–00718K.
Adv. No. 82–1871K.

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 1, 1983.

Janet M. Sonnenfeld, Philadelphia, Pa., for defendants/debtors.

James J. O'Connell, Philadelphia, Pa., for trustee/defendant.

Virginia R. Powel, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on the complaint of the United States, on behalf of the Internal Revenue Service, seeking relief from the automatic stay imposed by 11 U.S.C. § 362. The Court finds that the interest of the I.R.S. is adequately protected, however, and an Order will be entered denying relief from the stay.[1]

The debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code

---

1. This Opinion constitutes Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 752 of the Rules of Bankruptcy Procedure.

in early 1982. At the time of the filing of the petition, the debtors owed the I.R.S. $850.88 in unpaid tax. A proof of claim was filed in this amount. The debtors filed a tax return for the 1981 tax year. Pursuant to said return, normally, the debtors would have been entitled to a refund in the sum of $792.36.

The I.R.S. is authorized to credit such a refund against an outstanding tax liability. 26 U.S.C. § 6402. When the debtors filed their petition for relief under Chapter 13, however, the imposition of the automatic stay prevented the I.R.S. from exercising this right of setoff. 11 U.S.C. § 362(a)(7).

A right of setoff, nonetheless, is preserved by the Bankruptcy Code. 11 U.S.C. § 553. The I.R.S. has filed the instant complaint in order to obtain relief to exercise this right.

A party with a right of setoff may retain funds until the issue of the propriety of setoff is decided. 11 U.S.C. § 542(b). Although the debtors are entitled to a refund for the 1981 tax year, the I.R.S. has a valid right of setoff against this fund. 26 U.S.C. § 6402(a); 11 U.S.C. § 106(b). Under the Bankruptcy Code, a right of setoff is similar to a secured claim. 11 U.S.C. § 506(a). If a secured claim or right of setoff is not adequately protected, the Court will grant relief from the stay. 11 U.S.C. § 362(d). The debtor has the burden of proving that such a claim is adequately protected. 11 U.S.C. § 362(g).

Although the Bankruptcy Code does not define "Adequate protection", several examples are offered. 11 U.S.C. § 361. Adequate protection may be provided by requiring the debtor to make "periodic cash payments" to protect such a creditor. 11 U.S.C. § 361(1). The main thrust of the Code is to provide the creditor with the "indubitable equivalent" of his claim.

In the instant case, the I.R.S. is in the enviable position to holding a claim that is both secured and priority in nature. 11 U.S.C. § 507(a); 11 U.S.C. § 506(a). The debtors' Chapter 13 plan, therefore, must pay this claim in full. Pursuant to § 1322,

a Chapter 13 plan must pay all priority claims in full. 11 U.S.C. § 1322(a)(1). Furthermore, the Chapter 13 plan must pay the holder of a secured claim an amount which is not less than the allowed secured claim. 11 U.S.C. § 1325(a)(5). Pursuant to the Bankruptcy Code, therefore, this claim must be paid in full.

In this case, the debtors have been current in their payments to the Standing Trustee. In addition, as an indicia of their good faith, the debtors have executed a wage attachment in favor of the trustee.

Considering that the I.R.S. must be paid in full and that the debtors are proceeding in good faith under Chapter 13, the Court finds that the I.R.S. will receive the "indubitable equivalent" of their interest in the refund. Because the interest is adequately protected, the Court will deny the complaint for relief from the stay and Order the I.R.S. to turnover the refund to the debtors.