## In re INTERNAL REVENUE SERVICE LIABILITIES AND REFUNDS IN CHAPTER 13 PROCEEDINGS.

### No. 3:83–X–23.

United States District Court,
M.D. Tennessee.

May 18, 1983.

Henry E. Hildebrand, III, Nashville, Tenn., Chapter 13 Trustee.

E. Franklin Childress, Jr., Asst. U.S. Atty., Nashville, Tenn., for I.R.S.

### MEMORANDUM

MORTON, Chief Judge.

This matter is before the court for reconsideration of an agreed order styled "Agreed Order Granting Relief from Automatic Stay in Chapter 13 Proceedings" submitted by the Chapter 13 trustee and the Internal Revenue Service (hereinafter "IRS").[1] This order granted the IRS *ex parte* relief from the automatic stay under certain circumstances in all present and future Chapter 13 cases filed in this court. Upon consideration of the relevant authorities and the entire record, this court concludes that the aforementioned "agreed order" should be vacated and declared null and of no effect.

The order in question was entered into between the Chapter 13 trustee and the IRS and subsequently approved by this court on February 28, 1983. The provisions of this

---

**1.** Section 105 clearly allows the court to reconsider this matter. 11 U.S.C.A. § 105(a) (West 1979) provides:

"(a) The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

In the aftermath of the United States Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which held that the non-Article III bankruptcy judges could not constitutionally exercise any of the jurisdiction or power conferred upon them by the 1978 Bankruptcy Reform Act, this court has concluded that it continues to retain jurisdiction over all "bankruptcy cases and proceedings at least until the expiration of the transition period on April 1, 1984." *Walter E. Heller and Co. v. Matlock Trailer Corp.,* 27 B.R. 318 at 323 (M.D.Tenn.). As a consequence of this decision, § 105's reference to the bankruptcy court would necessarily include this court acting in its capacity as a court of bankruptcy.

order would lift the automatic stay imposed pursuant to 11 U.S.C. § 362 in all pending and future Chapter 13 cases to permit the IRS to (1) assess amounts due from any Chapter 13 debtor and issue any required notices and demands in accordance with the provisions of the Internal Revenue Code and (2) offset or credit any amounts due to the IRS from any Chapter 13 debtor "with any amounts due to the debtor in accordance with the law."[2] *In re Internal Revenue Service Liabilities and Refunds in Chapter 13 Proceedings,* Case No. 3:83–X–23, at 2 (M.D.Tenn. February 28, 1983). (A copy of this agreed order is attached as an appendix to this Memorandum). The obvious intent of the latter provision is to sanction without any further court inquiry the IRS's setoff of tax refunds due Chapter 13 debtors against any tax claim the IRS possesses against these debtors.

The procedural mechanism by which the IRS would gain this relief is set forth in the order. In pending Chapter 13 cases, the stay would be lifted 30 days from the entry of the order to permit the IRS to make assessments and issue required "notices and demands" absent an objection filed by the debtor or any other party in interest. *Id.* at 1–2. With regard to all Chapter 13 cases initiated in the future, the stay would be lifted 30 days after the filing of the debtor's bankruptcy petition to permit the IRS to accomplish the aforementioned acts. *Id.* at 1. The order further provides that, absent objection by any party in interest, the automatic stay would be lifted 15 days after the

first meeting of creditors in all pending and future Chapter 13 cases to permit the IRS to offset or credit any amounts due to the IRS from any Chapter 13 debtor with any amounts due to the debtor in accordance with the law. *Id.* at 1–2. The order specifically states that it represents "notice to all present and future Chapter 13 debtors as to the request of the United States of America, Internal Revenue Service, for the lifting of the 11 U.S.C. § 362 automatic stay" and that "[t]his notice shall be considered given as to pending Chapter 13 proceedings as of the date of the entry of this Order; and this notice shall be considered given as to future Chapter 13 proceedings as of the date of the filing of the debtor's petition in such proceedings." *Id.* at 3.

This order must be vacated for several reasons. Initially, the order is in conflict with 11 U.S.C. § 362(d) which specifies in detail the procedure to be followed in all requests for relief from the automatic stay imposed by 11 U.S.C. § 362(a). Section 362(d) states that the court shall grant relief from the automatic stay only upon "request of a party in interest and after notice and a hearing." 11 U.S.C.A. § 362(d) (West 1979).[3] Compliance with these basic prerequisites is indispensable in assuring that all parties in interest have an opportunity to be heard. *See generally In the Matter of Heyward,* 15 B.R. 629, 632 (Bkrtcy.E.D.N.Y. 1981). As the United States Supreme Court has observed, "[a]n elementary and fundamental requirement of due process in

---

**2.** Section 362(a)(6) and (7) expressly prohibit the IRS from taking either of these actions after the filing of the debtor's bankruptcy petition. 11 U.S.C.A. § 362(a)(6) and (7) (West 1979) provide as follows:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this, title .... operates as a stay, applicable to all entities of—

> .     .     .     .     .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; ...."

**3.** 11 U.S.C.A. § 102(1) (West 1979) defines "notice and a hearing" as follows:

"In this title—

(1) 'after notice and a hearing,' or a similar phrase—

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

(B) authorizes an act without an actual hearing if such notice is given properly and if—

(i) such a hearing is not requested timely by a party in interest; or

(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act; ...."

any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The bankruptcy court for this district, echoing the sentiments of the Supreme Court, has stated that notice in a Chapter 13 proceeding is only sufficient if it is reasonably designed to bring the matter in question to a party in interest's attention. *Majors v. Capitol Chevrolet Co.*, 19 B.R. 275, 278 (Bkrtcy.M.D.Tenn.1982).

The notice and hearing contemplated by the order in question is completely insufficient to meet these fundamental standards. The "notice" purportedly given by the order is in reality no notice at all. The order merely states that it constitutes notice to all "present and future Chapter 13 debtors." *In re Internal Revenue Service Liabilities and Refunds in Chapter 13 Proceedings*, at 3. The order provides absolutely no method whereby any debtor or any other party in interest would actually receive notice of its contents. The concept of notice and a hearing in § 362(d) is not so flexible as to embrace such *ex parte* relief. *See In re Garland Corp.*, 6 B.R. 456, 458 n. 2 (Bkrtcy. 1st Cir.1980); *In the Matter of Sullivan Ford Sales*, 2 B.R. 350, 354 (Bkrtcy.D.Me. 1980). In addition, the agreed order does not provide, as § 362(d) prescribes, that a party file a request *in the specific case* to obtain relief from the stay and that such request be granted only after it has been scrutinized by the court. *See In re Garland Corp.*, 6 B.R. at 458 n. 2. Review on a case by case basis is absolutely necessary to protect the interests of all involved parties.

A second basis for nullification of this order is that it permits the IRS to make improper setoffs in utter derogation of other creditors' and the debtor's interests. The order allows the IRS to "offset or credit any amounts due to the United States, Internal Revenue Service, from any Chapter 13 debtor with *any amounts due to the debtor in accordance with the law.*" (emphasis added). *In re Internal Revenue Service Liabilities and Refunds In Chapter 13 Proceedings*, at 2. This language would apparently sanction any setoff by the IRS, absent an objection by a party in interest, even if such setoff was prohibited under § 553 of the Bankruptcy Code. As the bankruptcy court for this district has previously recognized, § 553 only permits the creditor to setoff a debt owing to the debtor "that arose before the commencement of the case" against a claim against the debtor "that arose before the commencement of the case." 11 U.S.C.A. § 553(a) (West 1979) *quoted in Third National Bank v. Carpenter*, 14 B.R. 405, 408 (Bkrtcy.M.D.Tenn. 1981). *See also Griffith v. Southwestern Bell Telephone Co. (In re Voight)*, 24 B.R. 983, 986 (Bkrtcy.N.D.Tex.1982); *Exxon Corp. v. Compton Corp.*, 22 B.R. 276, 277 (Bkrtcy.N.D.Tex.1982); *United States v. Hammett*, 21 B.R. 923, 925 (Bkrtcy.E.D.Pa. 1982); *In the Matter of Springfield Casket Co.*, 21 B.R. 223, 227 (Bkrtcy.S.D.Ohio 1982).

It is thus readily apparent that this order does not limit the IRS's power of setoff to mutual debts which arose prior to the commencement of the bankruptcy petition. Absent this limitation, the court can only assume that the order would sanction illegal and improper setoffs to the detriment of not only other creditors but also the debtor who seeks to claim an exemption in the amount owed to him by the IRS.[4]

Even if the above problems did not exist, this court would still be disinclined to grant the IRS relief from the stay to make a postpetition setoff in a Chapter 13 case if the debtor's plan provided for full payment of the IRS's claim in conformity with the provisions of Chapter 13. Indeed, the great

---

4. A clear example of the type of improper setoff which this order might allow is presented in the case of *United States v. Hammett.* In *Hammett,* the court found that the IRS had no right to setoff a tax refund to the debtor when the debtor's right to the refund did not arise until eight months after the filing of his bankruptcy petition. *United States v. Hammett*, 21 B.R. at 925.

majority of Chapter 13 plans would, pursuant to § 1322(a)(2) or § 1325(a)(5), provide for such full payment of most claims owed to the IRS.[5] Under these circumstances, this court might not grant the IRS's complaint to lift the stay since the IRS would be adequately protected under the Chapter 13 plan and the allowance of the IRS's setoff would impair the debtor's fresh start. *See United States v. Perry,* 26 B.R. 599, 599–600 (Bkrtcy.E.D.Pa.1983). This would especially be the case if the IRS' complaint was initiated *after* the confirmation of the debtor's plan. *See* 11 U.S.C.A. § 1327(a) (West 1979). *See also In the Matter of Hackney,* 20 B.R. 158, 158–159 (Bkrtcy.D. Idaho 1982); *In re Norton,* 15 B.R. 623, 624–625 (Bkrtcy.E.D.Pa.1981). *But see Murry v. Commissioner,* 15 B.R. 325, 326–327 (Bkrtcy.E.D.Ark.1981).

Lastly, the court would note that the order apparently permits, contrary to prior decisions of this court and the bankruptcy court, the IRS to setoff debts owed to the IRS against property claimed by the debtor as exempt and which has become exempt as a matter of law. *See Commerce Union Bank v. Haffner,* 12 B.R. 371, 372–373 (Bkrtcy.M.D.Tenn.1981), *aff'd,* No. 81–3520, slip op. at 2–4 (M.D.Tenn. October 20, 1981).

Section 507 would include most claims held by the IRS as priority claims. 11 U.S.C.A. § 507(a)(6) provides in relevant part:

"(a) The following expenses and claims have priority in the following order:

. . . . .

(6) Sixth, allowed unsecured claims of governmental units, to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions after

three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer and compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition, or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessible, under applicable law or by agreement, after, the commencement of the case; . . . ."

Furthermore, if the IRS had a legitimate right of setoff under § 553, the IRS would possess a secured claim which would ultimately be paid in full under the debtor's Chapter 13 plan. *See* 11 U.S.C.A. § 506(a) (West 1979); 11 U.S.C.A. § 1325(a)(5) (West 1979).

The court is compelled by all of these reasons to vacate and render null and void the agreed order previously entered into by the Chapter 13 trustee and the IRS. This decision in no way prejudices the right of the IRS to seek relief from the stay in any pending or future Chapter 13 case in accordance with the provisions set forth in the Bankruptcy Code.

IT IS, THEREFORE, SO ORDERED.

APPENDIX

JUDGMENT

In accordance with the Memorandum contemporaneously entered herein, the court hereby ORDERS, ADJUDGES and DECREES that the agreed order previously entered into between the Chapter 13 trustee and the Internal Revenue Service on February 28, 1983, is vacated and declared null and void for all purposes.

---

**5.** 11 U.S.C.A. § 1322(a)(2) (West 1979) provides as follows:

"(a) The plan shall—

. . . . .

(2) provide for the full payment, in deferred cash payments of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim; . . . ."

IT IS, THEREFORE, SO ORDERED.

/s/ L. Clure Morton
L. CLURE MORTON
CHIEF U.S. DISTRICT JUDGE