In re Anthony L. WILLARDO, Marilyn J. Willardo, Debtors.

Anthony J. WILLARDO, Marilyn J. Willardo, Plaintiffs,

v.

UNITED STATES of America, Defendant.

In re Rusty Dean COLE, Coleen R. Cole, Debtors.

Rusty Dean COLE, Coleen R. Cole, Plaintiffs,

v.

UNITED STATES of America, Defendant.

In re Albert W. PATRICK, Delores M. Patrick, Debtors.

Albert W. PATRICK, Delores M. Patrick, Plaintiffs,

v.

UNITED STATES of America, Defendant.

In re Wayne and Judith WILSON, Debtors.

Bankruptcy Nos. HK–88–00411, HK 85–02207, NK 84–02053 and HK 84–00448. Adv. Nos. 86–0533, 86–0384 and No. 0495.

United States Bankruptcy Court, W.D. Michigan.

Dec. 16, 1986.

Edward Read Barton, P.C., Allegan, Mich., Attorney for the plaintiffs.

Edith A. Landman, Asst. U.S. Atty., Grand Rapids, Mich., for defendant.

Joseph A. Chrystler, Kalamazoo, Mich., Chapter 13 Trustee.

Before NIMS, HOWARD and HEITMAN, Bankruptcy Judges.

## MEMORANDUM

The issue in these cases is whether the court should abrogate certain rules of procedure which were adopted in this jurisdiction in November of 1981.

In 1981, the bankruptcy court in this jurisdiction was approached by the Internal Revenue Service ("IRS") and encouraged to adopt a uniform rule of procedure governing the disbursement of tax refund checks to Chapter 13 debtors. The IRS proposed the adoption of a special rule because of the administrative difficulty it was experiencing in complying with the requirements of the Bankruptcy Code. Section 542(b) provides that "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553." 11 U.S.C. § 542(b) (1978).

Due to the sheer bulk of refund checks disbursed by the IRS, it was administratively impossible for the IRS to intercept without error every tax refund check due a debtor who had filed a petition in bankruptcy. The IRS was particularly concerned since it faced potential liability to the bankruptcy estate for any money paid to a

debtor in violation of § 542(b). *See Bank of Marin v. England,* 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966). Because of its unique circumstances, the IRS proposed a local court rule which would exempt it from the requirements of § 542(b), and which would permit it to make tax refund payments in the ordinary course of business directly to bankruptcy debtors.

Two local court rules, General Order No. 5 (appendix A) and General Order No. 9 (appendix B) (collectively "Orders"), were adopted here which accomplished the IRS's objective. Briefly, the Orders allow the IRS to make refund payments in the ordinary course of business to Chapter 7 and Chapter 13 debtors regardless of whether the IRS has received notice of the bankruptcy. These Orders also permit the IRS to setoff any tax refund due a debtor against any tax due the United States. The setoffs are permitted without the necessity of an order from the Court lifting the automatic stay imposed by 11 U.S.C. § 362(a)(7).

Over the past few years, debtors have occasionally objected to the Orders. In each of the captioned cases, the debtors objected particularly to the setoff provisions of the Orders. Considering the number of objections which have been made to the Orders and the apparent merit of those objections, the court requested the parties to prepare briefs and argue the question of whether the Orders should be abrogated or modified by the court. An *en banc* hearing was held on October 9, 1986, before a panel of the bankruptcy judges of this jurisdiction. The opinion of that panel is set forth below.

———

After careful consideration of the arguments advanced by the parties, the panel is convinced that the adoption of General Orders No. 5 and No. 9 was less than provident. Our considered opinion is that the Orders cannot withstand the pressure of close scrutiny, and should be abrogated.

## I.

The General Orders conflict directly with 11 U.S.C. § 362(d) which details the proce-

dure to be followed by every creditor seeking relief from the automatic stay. Section 362(d) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section. . . .

Subsection (a)(7) of § 362 provides:

> [A] petition filed under section 301, 302 or 303 of this title . . . operates as a stay, applicable to all entities, of—
>
> (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor. . . .

Accordingly, if a refund was due to a debtor prior to the filing of the debtor's petition, the procedural requirements of § 362(d) would apply before the IRS could offset a tax liability of the debtor against that refund. *In re I.R.S. Liabs. and Refunds in Chapter 13 Proceedings,* 30 B.R. 811 (Bankr.M.D.Tenn.1983).

The General Orders, however, allow relief from stay to occur automatically, without a motion by a party in interest, and without notice and a hearing. As such, the Orders do not comport with § 362(d) nor with the most basic requirements of due process. "[A]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 30 B.R. at 812–13 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). The General Orders dispense with the requirements of notice and hearing, and are clearly objectionable for that reason. The requirements of § 362(d) are not merely procedural niceties, but in many tax refund cases protect valid objections to relief from stay. The General Orders allow for an automatic lift of stay in situations where relief from stay might not be appro-

priate, and where notice and a hearing would prevent an order lifting the stay from being entered.

█ For example, the General Orders permit relief from stay even where the interest of the IRS is adequately protected and the refund is necessary to successfully effectuate the debtor's plan of reorganization. This result is contrary to the fundamentals of bankruptcy law. While we recognize that a setoff claim is in the nature of a secured claim, 11 U.S.C. § 506(a); *United States v. Powers (In re Powers)*, 28 B.R. 86 (Bankr.E.D.Pa.1983), a secured creditor is entitled to relief from stay only if it can show that its interest is not adequately protected, 11 U.S.C. § 362(d)(1); *In re I.R.S.*, 30 B.R. at 814, or that the debtor has no equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). A Chapter 13 plan of reorganization which provides full payment to the IRS, however, adequately protects its interest. 30 B.R. at 813–14. The *In re I.R.S.* court explained:

> [T]his court would still be disinclined to grant the IRS relief from the stay to make a postpetition setoff in a Chapter 13 case if the debtor's plan provided for full payment of the IRS's claim in conformity with the provisions of Chapter 13. Indeed, the great majority of Chapter 13 plans would, pursuant to § 1322(a)(2) or § 1325(a)(5), provide for such full payment of most claims owed to the IRS. Under these circumstances, this court might not grant the IRS's complaint to lift the stay since the IRS would be adequately protected under the Chapter 13 plan and the allowance of the IRS's setoff would impair the debtor's fresh start. *See United States v. Perry*, 26 B.R. 599, 599–600 (Bkrtcy.E.D.Pa. 1983). This would especially be the case if the IRS's complaint was initiated *after* the confirmation of the debtor's plan. *See* 11 U.S.C.A. § 1327(a) (West 1979). *See also In the Matter of Hackney*, 20 B.R. 158, 158–159 (Bkrtcy.D.Idaho 1982);

*In re Norton*, 15 B.R. 623, 624–625 (Bkrtcy.E.D.Pa 1981). *But see Murry v. Commissioner*, 15 B.R. 325, 326–327 (Bkrtcy E.D.Ark.1981). [citations sic]

We echo the sentiments expressed in these statements. A plan which proposed a 100% distribution to the IRS, and which was feasible, would satisfy at least the adequate protection provisions of § 362(d).[1] To the extent that the General Orders upset that statutory framework, we find them objectionable.

█ We find the General Orders objectionable for the additional reason that it would permit relief from stay even where the Chapter 13 plan has been confirmed, the IRS has failed to object to confirmation, and the debtor has remained faithful to the terms of the plan. As a general rule, the property of the estate vests in the debtor upon confirmation, and comes to the debtor free and clear of the claims of creditors provided for in the plan. 11 U.S.C. § 1327. This fact has led several courts to conclude that once the plan has been confirmed, with no objection to confirmation at the time of the confirmation hearing, the automatic stay will not subsequently be lifted so long as the debtor complies with the terms of the plan. *See, United States v. Norton*, 717 F.2d 767, 771–74 (3rd Cir. 1983); *In re Hackney*, 20 B.R. 158 (Bankr. Idaho 1982); *In re Holcomb*, 18 B.R. 839 (Bankr.S.D. Ohio 1982). Because the General Orders could compel a contrary result, we think they should be set aside.

## II.

█ General Orders No. 5 and No. 9 allow the setoff of *any* refund due a debtor against *any* taxes due the United States. This allowance is excessive, and violates 11 U.S.C. § 553(a) which provides:

> [T]his title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose

---

1. The IRS is protected even further by the fact that a Chapter 13 plan must provide that its claims are accorded priority under § 507. 11 U.S.C. § 1322(a)(2).

**1018**

before the commencement of the case....

The obvious negative implication of this provision is that the words "this title" do affect the setoff of the prepetition debt against postpetition claims. *See In re I.R.S.*, at 813 (citing *Griffith v. Southwestern Bell Tel. Co. (In re Voight)*, 24 B.R. 983 (Bankr.N.D.Tex.1982)); *Exxon Corp. v. Compton Corp. (In re Compton Corp.)*, 22 B.R. 276 (Bankr.N.D.Tex.1982); *United States v. Hammett (In re Hammett)*, 21 B.R. 923 (Bankr.E.D.Penn.1982); *In re Springfield Casket Co., Inc.*, 21 B.R. 223 (S.D. Ohio 1982). The "any claim" and "any debt" language of the Orders, however, allows the setoff of prepetition debts against postpetition claims and of claims which are not mutual. As such, they clearly violate § 553(a).

■ The issue of whether setoff is appropriate in any particular case will often depend as a factual matter on the question of whether the debtor's right to the tax refund arose prepetition or postpetition. If the right arose prepetition, the setoff will likely be proper since the correlative debt will almost always have arisen prepetition. But the question of when the debtor's right to the tax refund arises is a complicated and mixed question of law and fact for which a hearing is indispensably required. *cf. In re Warden*, 36 B.R. 968 (Bankr. Utah 1984) (citing *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966)). For this reason, as well as for the reason that the Orders are so overly broad, we choose to reject them.

The IRS has argued that even if the Orders are procedurally and substantively infirm, the administrative difficulties with which the IRS must confront while distributing tax refund checks make it harsh and inequitable to allow § 542(b) to operate against it with full force. Indeed, the IRS has argued compellingly that it is difficult, nearly to the point of being impossible, for it to comply with the provisions of § 542(b) without error. We agree further that it is highly plausible that the failure of Congress to exempt the IRS from § 542 is a

legislative oversight. Nonetheless, we cannot ignore the will of Congress, as expressed through its writings, merely because we consider the result achieved by that body inequitable. We would be overreaching our judicial prerogative if we were to substitute our judgment about what Congress ought to have done with what Congress in fact did. We cannot, therefore, preserve the Orders advocated by the IRS.

Accordingly, General Orders No. 5 and No. 9 are, as of the date of this Opinion, vacated.

### ORDER

An opinion having been rendered by the *en banc* panel in these consolidated proceedings, therefore,

IT IS ORDERED AS FOLLOWS:

1. The text of that opinion is incorporated herein by reference.

2. General Orders No. 5 and No. 9 of the Bankruptcy Court for the Western District of Michigan are vacated as of this date.

3. A copy of this order shall be enrolled in the General Orders of this court as General Order No. 18.

4. A copy of this order and of the opinion shall be served upon Edward R. Barton, attorney for the plaintiffs; Edith A. Landman, Assistant U.S. Attorney; Mr. Joseph A. Chrystler, Chapter 13 Trustee; and all other Chapter 7, Chapter 12, and Chapter 13 Trustees in this district, at their respective addresses of record.

### APPENDIX A

### UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF MICHIGAN

In Re

### INTERNAL REVENUE SERVICE GENERAL ORDER NUMBER 5

By the provisions of 11 U.S.C., § 362, all entities are enjoined and stayed from com-

mencing or continuing any suit against the debtor.

By the provisions of 11 U.S.C., § 101, "entity" is defined as including person, estate, trust and governmental unit.

By reason of the foregoing provisions, the Internal Revenue Service is withholding income tax refunds due debtors in Chapters 7 and 13 cases under the Bankruptcy Code. That by reason of the withholding of income tax refunds due debtors, the administration of bankruptcy cases is being hindered, burdened and delayed, and a stay of the continuation of such action would work an injustice and cause debtors undue hardship.

It is, therefore, ORDERED, ADJUDGED AND DECREED that the Internal Revenue Service be, and it is hereby authorized and directed to make income tax refunds, in the ordinary course of business, to debtors in Chapters 7 and 13 cases under the Bankruptcy Code, unless directed otherwise in writing by the trustee, and that the Internal Revenue Service be authorized to offset against any refund due a debtor any taxes due the United States Government; and

It is further ORDERED that the stay afforded by 11 U.S.C. § 362, be, and it is hereby modified to that extent.

/s/ Laurence E. Howard
LAURENCE E. HOWARD
U.S. BANKRUPTCY JUDGE

/s/ David E. Nims, Jr.
DAVID E. NIMS, JR.
U.S. BANKRUPTCY JUDGE

/s/ Marvin L. Heitman
MARVIN L. HEITMAN
U.S. BANKRUPTCY JUDGE

APPENDIX B

UNITED STATES
BANKRUPTCY COURT

FOR THE WESTERN DISTRICT
OF MICHIGAN

GENERAL ORDER NO. 9

INCOME TAX REFUNDS

IT IS ORDERED, ADJUDGED AND DECREED that the Internal Revenue Service be, and it hereby is authorized and directed to make income tax refunds, in the ordinary course of business, to debtors in Chapter 7 and Chapter 13 cases under the Bankruptcy Code, after sixty (60) days after the first date set for the § 341 Meeting unless directed otherwise in writing by the trustee, and that the Internal Revenue Service be, and it hereby is authorized to offset against any refund due a debtor any taxes due the United States Government;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Internal Revenue Service is hereby authorized in all cases to assess tax liabilities shown on voluntarily filed returns, agreed tax deficiencies agreed penalties asserted under I.R.C. § 6672 and penalties asserted under I.R.C. § 6672 for which debtor/taxpayer fails to lodge a timely protest; and

IT IS FURTHER ORDERED that the stay in effect by Section 362 of Title 11 of the United States Code be, and it hereby is modified to that extent.

IT IS ALSO ORDERED that General Order No. 5 only to the extent that it is inconsistant with this order is revoked.

/s/ David E. Nims, Jr.
DAVID E. NIMS, JR.,
UNITED STATES BANKRUPTCY JUDGE

/s/ Laurence E. Howard
LAURENCE E. HOWARD,
UNITED STATES BANKRUPTCY JUDGE

/s/ Marvin L. Heitman
MARVIN L. HEITMAN
UNITED STATES BANKRUPTCY JUDGE

Dated: November 10, 1981