**In re MARION CORPORATION, Debtor.**

**MARION CORPORATION, Plaintiff,**

v.

**LOUISIANA GAS SYSTEMS, INC., Tennessee Gas Pipeline Company, Mississippi Power and Light Company, Northwest Central Pipeline Corporation and the Federal Energy Regulatory Commission, Defendants.**

Bankruptcy No. 83–00373.
Adv. No. 85–0100.

United States Bankruptcy Court,
S.D. Alabama.

Sept. 13, 1985.

---

Ronald P. Slepian and M. Donald Davis, Mobile, Ala., and Michael R. Rochelle, Rochelle, King & Balzersen, Dallas, Tex., for Marion Corp.

Norton P. Brooker, Jr. and James E. Robertson, Jr., Lyons, Pipes and Cook, Mobile, Ala., for Northwest Cent. Pipeline Corp.

Barry K. Cockrell and Neil P. Olack, Watkins, Ludlam & Stennis, Jackson, Miss., and George W. Finkbohner, Jr. and Stephen L. Olen, Finkbohner, Lawler & Olen, Mobile, Ala., for Tennessee Gas Pipeline Co.

Edward J. Vulevich, Jr., Asst. U.S. Atty., Mobile, Ala., for F.E.R.C.

David C. Hannan, Johnstone, Adams, Howard, Bailey & Gordon, Mobile, Ala., for Louisiana Gas Systems.

Romaine S. Scott, III, Inge, Twitty, Duffy & Prince, Mobile, Ala., for Mississippi Power & Light Co.

## ORDER

GORDON B. KAHN, Bankruptcy Judge.

At Mobile in said District on the 13th day of September, 1985, before Gordon B. Kahn, Bankruptcy Judge:

This matter having come on for hearing upon the debtor's complaint for declaratory relief and injunctive relief and upon the debtor's Motion for Summary Judgment; summons and notice of trial having been regularly issued and served; and upon the Motion of Federal Energy Regulatory Commission to Dismiss Complaint; and upon the Motions of Tennessee Gas Pipeline Co. and Northwest Central Pipeline Company for Summary Judgment; and M. Donald Davis, Jr., Alice Nystel and Kenneth Bachman having appeared as attorneys for the debtor; and James Robinson having appeared as attorney for Northwest Central Pipeline Corporation; and Neal Olack and George W. Finkbohner, Jr., having appeared as attorneys for Tennessee Gas Pipeline Company; and Edward J. Vulevich, Jr., Assistant United States Attorney, having appeared as attorney for Federal Energy Regulatory Commission; and David Hannan having appeared as attorney for Louisiana Gas Systems; and Dennis McKenna having appeared as attorney for Mississippi Power and Light Company; and arguments having been presented; and the matter having been considered upon the pleadings, memoranda, and arguments;

Now, therefore, the Court finds, concludes and orders as follows:

## FINDINGS OF FACT

1. An involuntary petition under Chapter 7 of the Bankruptcy Code was filed against the debtor on March 4, 1983, which was converted to a case under Chapter 11 of the Bankruptcy Code on March 18, 1983.

2. The debtor is in the business of producing and selling natural gas.

3. Prior to the enactment of the Natural Gas Policy Act (NGPA, 15 U.S.C. 3301, et seq.) in 1978, the policy of the Federal Power Commission, the predecessor of the Federal Energy Regulatory Commission (FERC), was to measure the energy content of natural gas according to "wet" conditions for purpose of making adjustments to the gas rates set by the Commission.

4. With the enactment of NGPA, FERC abandoned the wet rule and adopted the "dry" rule, under which the energy content of natural gas is measured at the conditions under which the natural gas is delivered for sale. The change from measurement based under wet conditions to that of measurement under dry conditions was significant because it effectively raised the wellhead prices of natural gas.

5. On August 9, 1983, in *Interstate Natural Gas Association of America v. FERC*, 716 F.2d 1 (D.C.Cir.1983), the Court found that the dry rule was inconsistent "with the Btu measurement technique implicit in the NGPA" and vacated FERC's use of that rule.

6. In response to the Court's holding in that case, FERC subsequently issued various refund rules and interpretative rules under which producers and sellers of natural gas were to refund claims for Btu measurement overcharges. The debtor, as a producer and seller of natural gas is subject to these refund rules.

7. Order No. 356 entered January 19, 1984, specifically required that maximum lawful prices for gas under NGPA be calculated under the wet condition rule, and the amendments contained in Order 356 were retroactive to December 1, 1978, the effective date of NGPA.

8. On May 3, 1984, FERC issued its rule on refunds (49 CFR 19297, May 7, 1984), requiring producers of natural gas to refund overcharges.

9. Certain producers who sold 10 million Mcf or less of natural gas, such as the debtor, were required to refund overcharges, including interest to the date of payment, by May 3, 1984.

10. FERC followed these rules with various supplemental rules.

11. Louisiana Gas System, Inc. (LGS) purchased gas production from the debtor pursuant to a gas purchase contract dated November 15, 1981.

12. LGS claims it overpaid the debtor for gas products from July 1982 to April 1984, plus interest from July 1982 to September 1984.

13. A total of $3,794.06 is attributable to LGS's pre-petition production and interest through March 4, 1983. Post-petition interest on this amount as of April 30, 1984, is $995.72.

14. The debtor paid LGS $410.93 on May 3, 1985, for that portion of the rebate attributable to production after March 4, 1983, and paid interest from the date of overpayment through April 30, 1985.

15. Tennessee Gas Pipeline (Tennessee) purchased gas production from the debtor pursuant to a gas purchase contract dated January 12, 1979.

16. Tennessee is claiming rebates for overpayments from April 1982 to June 1983, plus interest from April 1982 to September 1984.

17. The portion of Tennessee's demand attributable to pre-petition production and interest through March 4, 1983, is $49,880.94 with post-petition interest on this amount as of April 30, 1985 at $12,979.55.

18. The debtor paid Tennessee $1,763.06 on May 3, 1985, for that portion of the rebate attributable to production after March 4, 1983, and interest from the date of overpayment through April 30, 1985.

19. Northwest Central Pipeline Corporation (Northwest Central) purchased gas production from the debtor pursuant to a gas purchase contract dated May 10, 1979.

20. Northwest Central is claiming rebates for overpayments from December 25, 1981, to August 25, 1983, plus interest from December 25, 1981, to September 30, 1984.

21. The portion of Northwest Central's demand attributable to pre-petition production and interest through March 4, 1983, is $53,931.71 with post-petition interest on this amount as of April 30, 1985, at $14,153.91.

22. The debtor paid Northwest Central $19,917.01 on May 3, 1985, for that portion of the rebate attributable to production after March 4, 1983, and interest from the

date of overpayment through April 30, 1985.

23. Mississippi Power and Light Company (Mississippi) purchased gas production from the debtor pursuant to a gas purchase contract dated April 17, 1980.

24. Mississippi is claiming rebates for overpayments from May 1980 to July, 1984, plus interest from May 1980 through December 30, 1984, as set forth in its demand letter of October 2, 1984.

25. The portion of Mississippi's demand attributable to pre-petition production and interest through March 4, 1983, is $70,838.36 with post-petition interest on this amount as of April 30, 1985 at $18,590.93.

26. The debtor paid Mississippi $32,044.82, May 3, 1985, for that portion of the rebate attributable to production after March 4, 1983, and interest from the date of overpayment through April 30, 1985.

27. The facts are undisputed by the parties herein.

28. At the hearing of this matter, the debtor moved to dismiss FERC as a party herein and the motion was granted.

## CONCLUSIONS OF LAW

■ The debtor has paid all Btu refund claims attributable to post-petition production.

The debtor argues that the remaining refunds due are pre-petition debts since such refunds originated out of pre-petition sales of natural gas. As pre-petition debts, these claims would be treated as general unsecured claims.

LGS, Tennessee, Northwest Central and Mississippi, on the other hand, argue that the refunds due on the pre-petition sales of natural gas are post-petition debts since the order requiring the refunds was entered post-petition. These claimants, in effect, argue that the remaining refunds owed by the debtor are entitled to administrative priority status.

As counsel for both the debtor and claimants have advised this Court, there is no

legal authority directly on point with the facts herein.

In support of their argument, claimants cite the following cases: *In re Hammett*, 21 B.R. 923 (Bkcy.E.D.Pa.1982), *In re Braniff Airways, Inc.*, 42 B.R. 443 (Bkcy. N.D.Tex.1984), *In re Internal Revenue Service Liabilities and Refunds in Ch. 13 Proceedings*, 30 B.R. 811 (D.C.M.D.Tenn. 1983), *In re American Motor Home Rentals, Inc.*, 10 B.R. 53 (Bkcy.W.D.Mo.1981), *In re Keene*, 42 B.R. 239 (Bkcy.Me.1984).

All of the cases cited by claimants deal with unique set-off situations involving mutuality of obligations. These cases are inapposite herein since there is no question of set-off involved. In fact, none of the claimants has argued a right of set-off. Rather, the claimants seek what amounts to a preferred position in relation to other creditors of the debtor.

The FERC rules and regulations are not concerned with equality of distribution between creditors, but the bankruptcy laws are so concerned.

See: *In re Kessler*

23 B.R. 722 (Bkcy.S.D.N.Y.1982)

As in *In re Kessler*, the genesis of the debt herein is based "entirely on pre-petition factors," i.e., the sale of natural gas product. Although the refund order was entered post-petition, the event that created the debt occurred pre-petition. Claimants were overcharged prior to the filing of the debtor's petition, and that is when the debt owed to claimants arose.

See: *In re Cott*

47 B.R. 487 (Bkcy.D.Ct.1984)

■ Further, in order to sustain the argument that they are entitled to priority or administrative status, claimants would have to show that they provided a measurable benefit to the debtor's estate.

Section 503, Bankruptcy Code

Section 507, Bankruptcy Code

*In re Kessler, supra.*

No such benefit has been shown in this case.

There is no reason under the Bankruptcy Code as to why these particular creditors

should be given priority status or administrative status in this bankruptcy case.

Section 507, Bankruptcy Code

Section 503, Bankruptcy Code

*In re Baldwin-United Corp.*

43 B.R. 443 (S.D.Ohio, W.D.1984)

*In re Pittston Stevedoring Corp.*

40 B.R. 424 (Bkcy.S.D.N.Y.1984)

The debtor's Motion for Summary Judgment is due to be granted. The Motions of Northwest Central Pipeline Corporation and Tennessee Gas Pipeline Company for Summary Judgment are due to be denied.

As to those claimants who did not have notice of the debtor's Chapter 11 case, the bar date for filing claims herein is due to be extended until the 1st day of November, 1985.

The debtor's Motion to Dismiss FERC as a party is due to be granted, and the Motion of FERC to Dismiss Complaint is due to be denied.

### ORDER

Now, therefore, it is hereby ORDERED, ADJUDGED and DECREED that the Motion of Marion Corporation, debtor herein, for Summary Judgment be, and it hereby is, GRANTED; and refunds due for overcharges upon the sale of natural gas product by Marion Corporation which sales occurred prior to the filing of the debtor's Chapter 11 petition be, and they hereby are DECLARED pre-petition claims; and it is further

ORDERED that the Motions of Northwest Central Pipeline Company and Tennessee Gas Pipeline Company for Summary Judgment be, and they hereby are, DENIED; and it is further

ORDERED that the debtor's Motion to Dismiss Federal Energy Regulatory Commission as a party be, and it hereby is, GRANTED; and it is further

ORDERED that the Motion of Federal Energy Regulatory Commission to Dismiss Complaint be, and it hereby is, DENIED; and it is further

ORDERED that as to those claimants whose claims arose as a result of entitlement to a refund based upon the purchase of natural gas from the debtor prior to the filing of the petition herein, the bar date for filing claims in this case is hereby extended until the 1st day of November, 1985.