**In re Andres/Laura VARGAS, Debtors.**

**No. 03–37398.**

United States Bankruptcy Court,
N.D. Ohio.

April 17, 2006.

Gordon R. Barry, Toledo, OH, for debtors.

Anthony B. DiSalle, Toledo, OH, for trustee.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court after a Hearing on the Debtors' Motion for the Internal Revenue Service ("IRS") to Turnover Debtors' 2001 Tax Refund; and the Debtors' Objection to the Motion for Relief from Stay filed by the IRS. Both these Motions were heard at the same time as they involved one overall issue for resolution: may the IRS setoff, pursuant 11 U.S.C. § 553, a prepetition tax overpayment against a prepetition tax deficiency?

In addition to making oral arguments at the Hearing held in this consolidated matter, each of the Parties submitted written arguments in support of their respective positions on this question. After considering the arguments raised by the Parties, the Court, for the reasons now explained, answers the question raised by the Parties' pleadings in the negative, and thus holds that the IRS should turnover to the Debtors their tax overpayment.

## DISCUSSION

In 2003, the Debtors sought relief in this Court under Chapter 13 of the United States Bankruptcy Code. The Debtors' proposed Chapter 13 plan set forth that all unsecured creditors would receive a 100 percent distribution on their allowed claims. (Doc. No. 8). This plan was later confirmed by the Court. (Doc. No. 72).

At the time they petitioned this Court for relief, the Debtors owed the IRS $71,938.69 as the result of a tax deficiency incurred over multiple years. Pursuant to 26 U.S.C. § 6321, this gave rise to a lien in favor of the IRS against all property belonging to the Debtors.

At the time they filed for relief, the Debtors were also owed a tax refund in the amount of $2,472.00. In accordance with 26 U.S.C. § 6402, the IRS asserts a right to setoff this refund against the Debtors' tax deficiency, and now seeks relief from the stay to effectuate the setoff. The Debtors objected, seeking the turnover of their tax refund.

## DISCUSSION

Section 362(a)(7) of the Bankruptcy Code expressly makes the automatic stay applicable to any entity, including the IRS, asserting a right of setoff. It is, however, the position of the IRS that its right of setoff, as provided by 26 U.S.C. § 6402, constitutes, as a matter of law, "cause" to lift the stay as provided in § 362(d)(1).

Previously, in *In re Schultz*, Case No. 04–31058, the Court directly addressed the issue of whether a right of setoff under § 6402 constituted "cause," *per se*, to lift the stay. In looking to 11 U.S.C. § 506, which equates a right of setoff to a secured claim, the Court found that it did not, holding that, like with other secured creditors who must abide by the terms of a confirmed plan, once a plan is confirmed, "cause" will not exist to lift the stay based solely upon the right of the IRS to setoff a tax refund under 26 U.S.C. § 6402. This Court in *In re Schultz* also made a factual determination that the circumstances presented did not give rise to an independent ground for "cause" to lift the stay of § 362. The IRS has since appealed these determinations to the Bankruptcy Appellate Panel, but as of this date, no decision has yet been rendered.

At the Hearing held in this matter, the Court, based upon the identity of the legal issue presented in this case as to that already decided in *In re Schultz*, offered to hold this matter in abeyance pending a decision by the Bankruptcy Appellate Panel. The IRS, however, agreed with the Debtors that the matter should be decided forthwith. Based therefore on this procedural posture, the Court takes this as a request by the IRS to reexamine its decision in *In re Schultz*.

When a court is confronted with a question of law previously decided in a past decision, the doctrine of *stare decisis* comes into play. This doctrine holds that a court, in the absence of any intervening change in the law, should abide by a principle of law laid down in a past decision to a present case having substantially the same facts. Black's Law Dictionary 1406 (6th ed.1990). Although the doctrine is not

absolute, deviation is the strong exception, not the norm, given the doctrine's strong policy underpinnings: it promotes even-handedness and predictability, thereby contributing to the actual and perceived integrity of the judicial process. *Payne v. Tennessee,* 501 U.S. 808, 827–28, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991).

■ On balance then, it has been held that following the doctrine of *stare decisis* "is usually the wise policy, because in most matters it is more important that the applicable rule of law be settled than it be settled right." *Id.* In this way, the Supreme Court has stated that before a court should part from a rule of law set down in a past decision, a "special justification" is needed. *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). But as to the type of "special justification" that is needed to warrant a deviation from past precedent, none can be gleaned from the arguments put forth by the IRS.

■ Common examples of the type of "special justification" that will warrant a court departing from its past precedent include, the governing decision is unworkable or badly reasoned, or new and very persuasive arguments are presented that were not previously considered. 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 134.06[1] (3rd ed.1997) (setting forth a comprehensive list). But as to these grounds, a review of the arguments raised by IRS in this matter shows nothing new in substance. Now, as in *In re Schultz,* it is simply the position of the IRS that its right of setoff under 26 U.S.C. § 6402 equates with "cause" to lift the automatic stay. This position, however, was squarely addressed and then rejected by this Court in *In re Schultz,* wherein it was explained:

in recognizing the right of setoff, the Bankruptcy Code simply provides the holder of such a right the same status as

that of a secured creditor in bankruptcy. And while secured creditors are afforded certain rights, above and beyond that of other creditors-foremost among these being the right to be paid the full value of their collateral-secured creditors are not, by virtue of their secured status alone, entitled to relief from the stay based upon their secured status alone. 11 U.S.C. § 506. If they were, secured creditors could entirely exempt themselves from the bankruptcy process, a position which is completely at odds with whole structure of the Bankruptcy Code. To give but one example, § 1322(b)(2) allows a debtor to "modify the rights of holders of secured claims[.]"

By analogy then, the IRS is not entitled to relief from stay simply because it holds the right of setoff.

(Page 4 of Decision).

To be sure, there does exist authority to the contrary. As relied upon by the IRS, in the decision of *U.S. v. Orlinski (In re Orlinski),* 140 B.R. 600 (Bankr.S.D.Ga. 1991), it was held that, since § 553 expressly "preserves" the right to setoff in bankruptcy, "cause" must be found to lift the stay when the IRS seeks to setoff a tax refund pursuant to 26 U.S.C. § 6402. Notwithstanding, this holding brings nothing new to the table; in deciding *In re Schultz,* the Court had been made aware of this decision through the written arguments submitted by the IRS, but chose to discount it. Additionally, *In re Orlinski* is not representative of the whole picture; other courts, when faced with this issue, have taken the same position now held by this Court. *See, e.g., In re Internal Revenue Service Liabilities in Chapter 13 Proceedings,* 30 B.R. 811 (M.D.Tenn.1983); *U.S. v. Perry (In re Perry),* 26 B.R. 599 (Bankr.E.D.Pa.1983).

Additionally, beyond the pure legal issue, *stare decisis* applies to the specific factual circumstances presented in this case as they closely mirror those found in *In re Schultz*. In both cases, the IRS sought relief from the stay after the Debtors' plan of reorganization had been confirmed by the Court. The plans in both cases provided for a 100 percent distribution to all unsecured creditors. At the time the IRS filed its motion for relief, the respective debtors were making payments according to their plans of reorganization. Finally, in deciding *In re Schultz*, this Court proceeded on the assumption that, as occurred this case, both the tax overpayment and tax deficiency arose prepetition. Thus, like in *In re Schultz*, the Court cannot find in this particular matter an independent basis to lift the stay for "cause" under § 362.

Therefore, in conclusion, in following the doctrine of *stare decisis*, the Court declines to grant the relief requested by the IRS. Before concluding, however, this final point needs to be made. In its objection to the Debtors' Motion for Turnover, the IRS defended on the ground of improper service. However, the Court finds this matter waived, with the IRS having voluntarily appeared and prosecuted its position in this matter.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Objection of the Debtors, Andres and Laura Vargas, to the Motion for Relief from Stay by the Internal Revenue Service, be, and is hereby, SUSTAINED.

It is **FURTHER ORDERED** that the Motion of the Debtors for Turnover, be, and is hereby, GRANTED; and that the Internal Revenue Service is hereby directed to turnover to the Debtors their 2001 tax refund.

It is **FURTHER ORDERED** that each Party shall bear their own costs.